THE CITY OF WAUKEGAN, Appellee, *vs.* GEORGE H. BURNETT *et al.* Appellants.

*Opinion filed April 23, 1908—Rehearing denied June 3, 1908.*

1. SPECIAL ASSESSMENTS—*when property cannot be assessed for improvement.* Property cannot be specially assessed where it will not be benefited by the improvement unless some other work, for which no provision is made, shall be done in the future.

2. SAME—*when property cannot be assessed to pay for land condemned for sewers.* A city has no power to specially assess property to pay for land condemned for the purpose of laying sewers across private property unless it has provided, by ordinance, for the construction of sewers in the strips of land sought to be condemned.

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

CHARLES WHITNEY, ELAM L. CLARKE, S. H. KENNEDY, and SMOOT & EYER, for appellants.

COOKE, POPE & POPE, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal by the appellants from a judgment of the county court of Lake county confirming a special assessment levied by the city of Waukegan under the Local Improvement act to enable it to acquire, by condemnation, the right to construct, maintain and operate a connected system of sewers in certain strips of land situated in said city. The ordinance upon which the proceeding is based provides for acquiring, by condemnation, the right to construct, maintain and operate a connected system of sewers along certain lines, across private property in said city, but makes no provision for the construction of any sewers along such lines or over said lands.

A number of questions are discussed in the briefs, but from the view we take of the proceeding it will only be necessary to consider one, which is, has the appellee the power to assess the appellants' property to enable it to acquire the right to construct a system of sewers in private property in said city,' by condemnation, under the Local Improvement act, without providing by ordinance for the construction of a system of sewers in the strips of land sought to be thus acquired?

It is apparent that the property of appellants would not be benefited by the city acquiring the right to lay sewers in the strips of land sought to be acquired until the city had provided, by a valid ordinance, for the laying of sewers in the strips of land sought to be acquired. This court has repeatedly held that where property cannot be benefited except in case of subsequent work, for which no provision is made, the property cannot be specially assessed. *Hutt* v. *City of Chicago,* 132 Ill. 352; *Edwards* v. *City of Chicago,* 140 id. 440; *Washington Ice Co.* v. *City of Chicago,* 147 id. 327; *Title Guarantee and Trust Co.* v. *City of Chicago,* 162 id. 505.

In *Hutt* v. *City of Chicago, supra,* the city sought to levy an assessment to pay for opening a street which crossed the Chicago river without providing for a bridge across said river, and in *Title Guarantee and Trust Co.* v. *City of Chicago, supra,* to levy a special assessment to pay for constructing a sewer without providing a connection whereby the property assessed could drain into the sewer, and it was held in each of said cases that the property could not be thus assessed.

The city of Waukegan may eventually, or not, as the city council may determine, lay a system of sewers in the strips of land sought to be acquired by condemnation and paid for by assessing appellants' property. When, if ever, this will be done, rests, however, in the discretion of the city council, and although the right to thus use said strips

of land was acquired, sewers may never be laid therein by the city. We think that before the appellee had the right to assess appellants' property to pay for the property sought to be acquired it should have provided by ordinance for a system of sewers to be constructed therein, from which ordinance the appellants could determine the character of the improvement which was proposed to be made by the city. Without notice of the character of sewers which were to be laid the appellants could not determine whether their property would be benefited little or much, or at all. Every special assessment must rest upon a valid ordinance. The ordinance in question furnished no basis upon which a valid special assessment could rest. It must therefore be held to be void.

The questions whether the right of way, the sewer to be laid and the special assessment to pay for the entire improvement must be provided for in one ordinance or may be provided for in separate ordinances are not now determined.

For the reason pointed out the judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*