THE CITY OF CHICAGO, Appellant, *vs.* MARY KEMP *et al.* Appellees.

*Opinion filed April 23, 1909.*

SPECIAL ASSESSMENTS—*when property cannot be assessed for condemning land for street.* Property cannot be specially assessed for benefits arising from the opening of a street where the ordinance provides only for the condemnation of the strip of land required and makes no provision for the removal of the buildings which occupy such strip nor for putting the surface of the land in condition to be used for a public street.

APPEAL from the Circuit Court of Cook county; the Hon. EDGAR ELDREDGE, Judge, presiding.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellant.

HUGH L. BURNHAM, LYMAN, LYMAN & O'CONNOR, and JOSEPH H. FITCH, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a proceeding by petition in the circuit court of Cook county, under the Local Improvement act, for the condemnation of certain real estate for the purpose of opening South Park avenue from One Hundred and Fifteenth street to Kensington avenue, in the city of Chicago, and for the assessment of benefits against property found to be benefited by the proposed improvement. Commissioners were appointed, who assessed benefits aggregating $26,487. Upon a hearing certain property owners against whose property benefits had been assessed appeared and filed a number of legal objections, several of which were sustained and the petition was dismissed. The city of Chicago has appealed. It will be necessary to consider but one of the objections.

The land proposed to be taken consists of four lots, being a strip running north and south and being of the width of two lots from east to west. Two of the lots abut on One Hundred and Fifteenth street and the other two abut on Kensington avenue. A copy of the improvement ordinance was made a part of the petition. That ordinance provides that South Park avenue be opened from One Hundred and Fifteenth street to Kensington avenue "by condemning therefor" the four lots, describing them, "in accordance with the plan hereto annexed." The plan annexed shows that facing on Kensington avenue there are two frame buildings, each two stories in height, and facing on One Hundred and Fifteenth street there are two buildings, each two stories in height, partly brick and partly frame, all upon the lots proposed to be taken; that these buildings, both

on Kensington avenue and One Hundred and Fifteenth street, occupy practically the entire frontage of the lots on the street or avenue, and that there are six other smaller structures on the lots.

It was objected that, inasmuch as the ordinance provided for the opening of the avenue only "by condemning" the strip of real estate, it did not appear that the buildings would be removed and the surface of the ground put in condition to be used as an avenue; that the property specially assessed would not be benefited except this work was done, and that as no provision was made for doing this work the property could not be specially assessed. This ordinance provides only for condemning the land. No other ordinance is found in the record, and the position of the city seems to be that it should be inferred from this ordinance that the purpose of the city is to remove the buildings and put the surface of the avenue in condition for public travel.

In *Hutt* v. *City of Chicago,* 132 Ill. 352, it was proposed to extend South Canal street. The part of the ordinance which describes the improvement in this case seems, so far as matters of substance are concerned and excepting dates and descriptions, to be a transcript of the same part of the ordinance in that case. The extension of the street in that case would have been of no benefit to the land owners unless a bridge was erected across the south branch of the Chicago river. The ordinance did not provide for the construction of the bridge, although it recited that it was the intention of the ordinance to open the street so that thereafter a bridge might be provided across the south branch and in said street. This court held that as "no bridge has ever been ordered," the property could not be specially assessed to acquire the real estate for the street. It was said that doubtless the ultimate object in view was to make the street a thoroughfare, but that it would be ample time to

assess appellant's property when the erection of the bridge was "ordered by the proper authorities."

In *Washington Ice Co.* v. *City of Chicago,* 147 Ill. 327, the proposed extension of the street was, for a distance of 1830 feet, through a pond in which the water was five or six feet deep. The city had failed to provide for grading up the portion of the street that would be in the pond. It was there said that to make the street of any avail it was necessary that it be graded; that while the city might do that work, it had assumed no obligation to do so; that the contention that the presumption was that the city would do the necessary work was answered by *Hutt* v. *City of Chicago, supra,* and that "no such presumption can arise where the improvement has not been, and may never be, ordered to be made." These cases have been referred to with approval and followed in *City of Waukegan* v. *Burnett,* 234 Ill. 460, where the city sought to acquire the right to construct and operate a system of sewers upon certain strips of land but made no provision for the construction of the sewers. The conclusion reached was, that the city was without power to specially assess property for the mere purpose of acquiring the right to use the strips for sewers, and it was said that this court had repeatedly held that where the property cannot be benefited by the proposed improvement except subsequent work be done for which no provision is made, such property cannot be specially assessed.

As the ordinance in the case at bar provides only for acquiring the land, and as the city has not provided by this ordinance, or otherwise, for removing the buildings and placing the surface of the proposed avenue in such condition that it can be used for public travel, the adjacent property cannot be specially assessed.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*