THE CITY OF HIGHLAND PARK, Appellee, *vs.* JESSIE L. McMULLIN, Appellant.

*Opinion filed April 19, 1911.*

1. PRACTICE—*motion to dismiss, made in open court, need not be in writing.* A motion to dismiss the petition, made on the hearing of a special assessment proceeding, need not be in writing.

2. SPECIAL ASSESSMENTS—*when provision of section 48, concerning waiver of further controversy, does not apply.* The provision of section 48 of the Local Improvement act that an order overruling legal objections shall not be deemed a final disposition of the case unless the "objectors shall waive further controversy as to the remaining question upon the record," was not intended to refer to the disposition of objections to a special assessment for benefits which are a part of a condemnation proceeding, as such a proceeding is governed by sections 13 to 32 of said act.

3. SAME—*question of benefits in condemnation proceeding may be heard by the court if jury is waived.* Where property is sought to be assessed for benefits to aid in paying for property condemned by a city for a local improvement, the question of benefits may be tried by the court if a jury is waived.

4. SAME—*section 14 requires only the copy of the condemnation ordinance to be attached to petition.* Section 14 of the Local Improvement act, relating to the filing of a petition to assess benefits to pay for property condemned for the purpose of a local improvement, requires a copy of the condemnation ordinance to be attached to the petition but does not require a copy of the improvement ordinance to be also attached.

5. SAME—*question whether improvement ordinance is valid is raised when it is introduced in condemnation proceeding.* When the ordinance providing for the construction of a local improvement requiring the condemnation of land is introduced in evidence in the proceeding to ascertain the compensation and assess benefits

attending the condemnation of the land, the question whether the improvement ordinance is valid is properly raised.

6. SAME—*what objections cannot be raised in a condemnation proceeding.* Where, so far as appears from the record in a proceeding to ascertain compensation and assess benefits for the condemnation of land required for sewage purification works, the city has by valid ordinance made provision for the construction of the improvement and that no further action on the part of the city will be required before the improvement is constructed, objections that property will not be benefited by reason of defects in the improvement as described in the ordinance cannot be raised.

APPEAL from the County Court of Lake county; the Hon. DEWITT L. JONES, Judge, presiding.

CHARLES W. WHITNEY, JULE F. BROWER, and SAMUEL B. KING, for appellant.

GEORGE A. MASON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal prosecuted by Jessie L. McMullin from a judgment of the county court of Lake county confirming a special assessment against her for $36.95, her proportionate share of an assessment levied to pay the costs of acquiring land whereon to erect and maintain purification works and a sewage tank for filtering and treating sewage conducted to said plant from a part of the city of Highland Park by a system of sewers, said system of sewers being provided for in a different and distinct ordinance. The condemnation ordinance and the sewer ordinance were both passed September 1, 1908, and approved September 4, 1908. The ordinance here in question, in referring to said sewer ordinance, stated that the land was to be acquired for the construction of said sewage purification and disposal works, "as specified and provided in a certain ordinance of said city of Highland Park passed on the first day of September, A. D. 1908, * * * for the terms and provisions

of which ordinance reference thereto is hereby expressly made."

The principal contention of appellant is that the two ordinances must be considered as one, and that, therefore, under section 14 of the Local Improvement act, a copy of both of these ordinances should have been attached to the petition. On the hearing in the county court appellant, by her counsel, moved that the petition be dismissed because there was not filed with or attached to said petition a copy of said sewer ordinance. This motion was denied and the legal objections filed by her were overruled She thereupon "waived further controversy as to the remaining questions on the record." This appeal was thereafter prayed and allowed. The motion by appellant to dismiss was not made in writing, but this was not necessary, and this court did not so hold in *City of Marengo* v. *Eichler,* 245 Ill..47, as contended by appellee.

The question whether the order appealed from was a final one is of a more serious character. Sections 13 to 32 of the Local Improvement act of 1897 refer especially to condemnation and assessment proceedings such as the one here in question. Appellant did not own any property that was sought to be condemned, her property being assessed for the amount of benefits, to assist in the payment of the property taken. It is apparent from the sections of the Local Improvement act just referred to, and especially section 23, that the same jury is to ascertain the just compensation to be paid to the owners of the property taken or damaged and the amount of the assessment for all property benefited. Nothing is said in any of these sections about waiving further controversy on the record after the legal objections are overruled or as to the method of disposing of legal objections. Beginning with section 35, down to and including section 52, the Local Improvement act refers to the improvements to be made by special assessment or special taxes, where the ordinances do not contain provi-

sions for the condemnation of private property. Section 48 specifically provides that the order overruling the legal objections "shall not be deemed a final disposition of any such questions for the purpose of appeal, unless objectors shall waive further controversy as to the remaining question upon the record." The remaining question is the amount of benefits to the property. We do not think the provision in section 48 was intended to refer to the disposition of objections to special assessments for benefits which are a part of condemnation proceedings. The question of benefits in such a proceeding can be heard by the court on a jury being waived. We find, however, no such waiver of jury. The court confirmed the assessment against appellant, both parties assuming that this was authorized under the statute. We shall therefore treat the question as if the jury had been formally waived and the order of confirmation a final order.

Should the copy of the sewer ordinance have been attached to the petition in this condemnation proceeding? The part of said section 14 which affects said question reads: "Such petition shall contain a reasonably accurate description of lots, blocks, tracts and parcels of land which shall be taken or damaged. There shall be filed with or attached to such petition a copy of said ordinance, certified by the clerk, under the corporate seal, but the failure to file such copy shall not affect the jurisdiction of the court to proceed in said cause, and to act upon said petition; but if it shall appear in any such cause that a copy of the ordinance has not been attached to or filed with said petition before the report of the commissioners shall be filed, as provided in section 15, then, upon motion of any person whose real estate is to be taken, or to be assessed, the entire petition and proceedings shall be dismissed."

It was held by this court under a provision of a former local improvement act which provided that the petition should recite the ordinance for the proposed improvement,

that where the ordinance recited authorized an improvement which should conform to grades established by another ordinance, such other ordinance need not be a part of the petition; that the object of requiring the ordinance to be recited was to enable an intelligent estimate of the improvement, and that in making such estimate a reference to other ordinances could be had without reciting them in the original ordinance. (*Haley* v. *City of Alton,* 152 Ill. 113.) It is evident from an examination of sections 14 and 15 of the present Local Improvement act that this provision as to attaching a copy of the ordinance was inserted for similar reasons.

The argument of appellant that under *Ligare* v. *City of Chicago,* 139 Ill. 46, *Title Guarantee and Trust Co.* v. *City of Chicago,* 162 id. 505, and *Kerfoot* v. *City of Chicago,* 195 id. 229, these two ordinances must be considered as but parts of a single and entire scheme, and therefore, for all purposes, as one ordinance, is not in point as to the proper construction of said section 14. That argument would have weight if the contention were raised that the construction of the sewer and its branches must be provided for and included in the condemnation ordinance,—that is, that the work provided for in the two ordinances should be included in one ordinance. Counsel for appellant do not so argue, but contend that in this case it is proper to prove that the ordinance for the sewer is void, and therefore the local improvement provided for in the condemnation ordinance would be of no benefit to the property assessed. (*City of Waukegan* v. *Burnett,* 234 Ill. 460; *City of Chicago* v. *Kemp,* 240 id. 56.) This, however, does not require that the sewer ordinance be attached to and made a part of the petition under said section 14. Clearly, the legislature did not intend by section 14 that any other ordinance except the condemnation ordinance should be attached to and made a part of the condemnation petition. The purpose of attaching the condemnation ordinance is to give the commis-

sioners who estimate the damages and the benefits a fair idea of the cost of the improvement. They have nothing to do with estimating the cost of a local improvement provided for in another ordinance, such as the sewer ordinance in this case. The court, therefore, did not err in overruling the motion to dismiss the petition because a copy· of the sewer ordinance was not attached thereto.

We think, however, that on the trial below the question was fairly raised, when the sewer ordinance was introduced in evidence by the petitioner, whether it was a valid ordinance. It is insisted that it was not valid because there was no definite starting point for the main sewer. There is a long and detailed description as to how the sewer is to be built and the place in the sewage plant on the property to be condemned where it was to begin. As we understand this description, the starting point was located at a definite point. It is next insisted that the sewer ordinance is void because it does not sufficiently describe fifty feet of spiral steel pipe, the internal dimensions of the pipe line being given. The cost of this spiral pipe is given in the estimate at two dollars a foot. Considering this estimate with the ordinance, we think the pipe is described with sufficient accuracy. It is further objected that the ordinance is defective because of the provision with reference to house junctions for each lot abutting upon or contiguous to certain portions of the sewer. These house junction branches are similar in character to certain other house junction slants or branches, which this court held did not make the respective sewer ordinances unreasonable or void. (*Vandersyde* v. *People,* 195 Ill. 200; *City of East St. Louis* v. *Davis,* 233 id. 553; *Smythe* v. *City of Chicago,* 197 id. 311.) These are all the objections raised as to the validity of the sewer ordinance.

So far as shown by this record the city council, by valid ordinance, has made provision for the construction of a sewer. No further action on the part of the municipal au-

thorities will be required before it is constructed.    Under the decisions of this court the objections that the property will not be benefited because of the faulty sewer ordinance cannot be sustained in this proceeding.    *Gault* v. *Village of Glen Ellyn,* 226 Ill. 520; *Ryder's Estate* v. *City of Alton,* 175 id. 94; *Lindblad* v. *Town of Normal,* 224 id. 362; *City of Waukegan* v. *Burnett, supra; City of Chicago* v. *Kemp, supra.*

The contention of counsel for appellant that the sewer may never be built, and thereby great injury result to the property owners without any adequate remedy, is fully answered in *Harris* v. *City of Chicago,* 162 Ill. 288.

The judgment of the county court will be affirmed.

*Judgment affirmed.*