THE VILLAGE OF RIVER FOREST, Appellee, *vs.* E. A. CUMMINGS *et al.* Appellants.

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. SPECIAL ASSESSMENTS—*when court may permit amount estimated for costs and expenses to be reduced.* Where an ordinance for the condemnation of land for a street and for the payment of the whole cost of the improvement by special assessment includes an item of $500 estimated as the costs and expenses of the proceeding, it is proper for the court, when the amount of compensation is ascertained, to allow the amount estimated for costs and expenses to be reduced so that it shall not exceed the statutory limit of six per cent of the assessment.

2. SAME—*a special assessment is only justified by special benefits to the property assessed.* Property cannot be specially assessed where it will not be benefited by the improvement unless some other work, for which no provision has been made, shall be done in the future.

3. SAME—*property owner is entitled to some positive provision that work shall be done.* While there is a natural presumption in every case that property condemned for a street will be made into a street, yet a property owner who is assessed for the improvement is not required to rely upon such presumption but is entitled to some positive sort of provision that such action shall be taken.

4. SAME—*provision should be made for removal of buildings and trees from land condemned for street.* Property owners can

not be specially assessed to pay the compensation awarded for the taking of land for the opening of a street where no provision has been made for the removal of buildings and trees from the land, which, until removed, will prevent the use of the land as a street.

APPEAL from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding.

WILLIAM T. HAPEMAN, and CHARLES LANE, for aplants.

B. F. LANGWORTHY, Village Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The president and board of trustees of the village of River Forest passed an ordinance for the opening and extending, as a street, of Clinton place from the south line of Madison avenue to the north line of Lake street, which required the taking of lots 7 and 20 in a certain subdivision in the village. The ordinance provided that the whole cost of the contemplated improvement, including the compensation for the property taken and $500 estimated by the president of the board as the cost and expenses of the proceeding, should be paid by special assessment. There was a condemnation proceeding and a petition was filed for the levy of an assessment. The commissioners appointed reported that the total compensation for property taken was $3375 and the estimated cost of the proceeding $500, making a total of $3875, which was assessed against private property, including that of appellants. They objected to the assessment on the ground that the sum of $500 included for costs exceeded six per cent of the assessment, which was the statutory limit, and that there was a building on lot 20 which would prevent the use of the lot as a street, and no provision had been made for the removal of the building or other obstructions so that the ground could be used as a street. The county court,

on motion of the village, allowed the amount assessed for costs to be reduced to six per cent and heard evidence on the other objection. The appellants proved that under a permit granted by the village a carpenter shop 20 by 40 feet was in the course of construction on lot 20 when the petition for the improvement was being circulated, that it was not entirely completed because the village clerk requested the owner to suspend the work on account of the probability of the lot being taken for a street, and that the building was such an obstruction as to prevent travel or the use of the lot for the ordinary purposes of a street. It was also proved that there was a thicket of trees on the lot twelve to fifteen feet high, so that a vehicle could not get through, and no provision had been made for the removal of the obstructions. After hearing the evidence the court overruled the objections and confirmed the assessment as reduced.

The court did not err in permitting a reduction of the assessment for costs. The statute permitted the village authorities to provide in the ordinance that a certain sum, not to exceed six per cent of the amount of the assessment, should be applied to the payment of costs. Of course, no one could tell beforehand what the amount of the compensation would be or what six per cent would amount to. The ordinance did not contain the qualification that the amount should not exceed six per cent, but the provision was not illegal except as to the excess above six per cent.

A special assessment is only justified by special benefits to the property assessed, and the law is that property can not be specially assessed where it will not be benefited by the improvement unless some other work for which no provision has been made shall be done in the future. The law on that subject and the decisions by which it was established and sustained were stated in the case of *City of Waukegan* v. *Burnett*, 234 Ill. 460. The rule was enforced in *City of Chicago* v. *Kemp*, 240 Ill. 56, which was a case

exactly like this, where there were buildings on the ground condemned. It was there held that as the city had not provided, by the ordinance or otherwise, for removing the buildings and putting the surface of the ground in such condition that it could be used for a street, the adjacent property could not be specially assessed. The condemnation proceeding in this case would give the village of River Forest title to the land for a street, but that proceeding, alone, would not secure to property owners the use of lot 20 as a public street. The law is not disputed by the village attorney, but his view is, that inasmuch as the building is not very large and is of a kind that could be demolished or removed without great effort or expense, the presumption that it will be removed ought to suffice as security to the owners of property assessed that the ground will be made fit for use as a street. There is a natural presumption in ever case that property taken for a street will be made into a street and that property taken for a public use will be devoted to that use, but the property owner who is called upon to pay is not required to rely upon a presumption that a public duty will be performed, which would be a quite unsatisfactory sort of security, and he is entitled to some positive sort of provision that the action will be taken. If the presumption would be sufficient as to the thicket of young trees or some trifling obstruction which would naturally be removed in the ordinary care of a street, something more would evidently be required in the case of a building. It would be impracticable to draw any line of demarcation on one side of which the presumption would be conclusive and on the other side not conclusive, based on the size and character of different buildings which constitute obstacles to the use of the ground as a street. The court erred in overruling that objection.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*