THE CLEAR CREEK DRAINAGE AND LEVEE DISTRICT, Appellee, *vs.* THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY *et al.* Appellants.

*Opinion filed October 16, 1914.*

1. DRAINAGE—*when assessment should not be confirmed.* A levee drainage assessment should not be confirmed where there will be no benefit to the lands of the district unless another district shall construct an outlet, which it has not obligated itself to do in such manner that the owners of lands in the former district can enforce the obligation.

2. SAME—*when the entry of a judgment of confirmation is not harmless.* The entry of a judgment confirming a levee drainage assessment against lands of the district which will not be benefited unless another district shall construct an outlet cannot be said to be harmless, even though the former district is prohibited from issuing bonds until a contract has been let for the construction of such outlet ditch, where the judgment provides that the assessments shall bear interest from the date of the judgment.

APPEAL from the County Court of Union county; the Hon. W. F. ELLIS, Judge, presiding.

H. L. BROWNING, and L. O. WHITNEL, (M. L. CLARDY, of counsel,) for appellant the St. Louis, Iron Mountain and Southern Railway Company.

W. W. BARR, and C. E. FEIRICH, (BLEWETT LEE, and W. S. HORTON, of counsel,) for appellant the Illinois Central Railroad Company.

A. NEY SESSIONS, (O. B. DOBBINS, and D. C. DOBBINS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Union county confirming an assessment for benefits against the St. Louis, Iron Mountain and Southern Railway Company for $11,807.69 and an annual benefit of

$118.08, and against the Illinois Central Railroad Company for $8224.80 and $82.24 annual benefits, in a proceeding brought in that court by the Clear Creek Drainage and Levee District under the so-called Levee act. (Hurd's Stat. 1913, p. 920.)

This district is situated partly in Union county and partly in Alexander county. It is approximately nine miles in length north and south and extends from the bluffs on the east to the Mississippi river on the west. To the north of the district lies the Preston Levee and Drainage District and to the south the North Alexander County Drainage District. It appears from the record and from the briefs of counsel that the plan of all three of these districts is to build a levee along the east bank of the Mississippi river from the Big Muddy river on the north to Gale, located on the south line of said North Alexander County Drainage District, thus preventing an overflow of the lands, each of the districts to take care of the surface and other waters naturally within its boundaries. In the Clear Creek Drainage and Levee District there are large bodies of swampy land and at some points shallow ponds or lakes. Along the eastern boundary of said district is a natural waterway, called Clear creek, which has its outlet into the Mississippi river at the south-westerly corner of said district. From the record before us it appears that this district plans to build a levee across the mouth of said Clear creek near the point where it enters the Mississippi river and then to drain the waters of that creek through the main outlet of said district, this outlet to extend about six miles southerly through the territory of said North Alexander County Drainage District, entering the Mississippi river at or near Gale. The evidence shows that no ditch has been constructed for said six miles to constitute such outlet, but that the authorities of this district were at the time of the confirmation judgment relying on said outlet being constructed by the authorities of said North Alexander County

264 – 41

Drainage District, said Clear Creek Drainage and Levee District paying a part of the cost of digging and constructing said outlet ditch through said North Alexander County Drainage District. The report of the commissioners of the district here in question stated that it "will be compelled to pay to the North Alexander County Drainage District, or the owners of land therein, compensation for a release of damages because thereof, or acquire the right to drain through the said North Alexander County Drainage District in some other manner from the North Alexander County Drainage District or said land owners." The final order of the county court of Alexander county organizing the North Alexander County Drainage District, introduced in evidence on this hearing, makes no reference to the appellee district, except to state that the work proposed in the North Alexander County Drainage District will be a benefit to the appellee district. The evidence discloses that the North Alexander County Drainage District has not acquired all of its right of way for said outlet; that no assessment roll has been filed for the construction of said outlet; that while the commissioners of the two districts have had talks with reference to connecting the ditches of the two districts, no written agreement setting forth the terms and conditions upon which such connections should be made in the future had been entered into at the time this case was tried below; that at that time appellee had no record of any agreement on this subject with said North Alexander County Drainage District or anyone else. Some statements are made in appellee's brief indicating that such an agreement had been made since that date, but we cannot take cognizance of any agreement or understanding between the districts not a part of this record.

Appellants filed certain written objections to the confirmation of the assessment roll in the trial court. Several of these objections were stricken on motion of appellee, among others, one that the right of way for the proposed

outlet had not been obtained, the argument in support of this objection being that it would be improper to proceed to confirm the assessment against the property of appellants until definite and positive arrangements had been made with reference to obtaining an outlet for the waters of said drainage district. Beyond question, from the evidence in the record, the property within the proposed drainage district will not be benefited by this proposed improvement unless an outlet is constructed for the ditches of said district. The trial court understood this to be the situation, because its final order provided, among other things, that "it is further considered and ordered by the court that the said commissioners of said Clear Creek Drainage and Levee District shall issue no bonds or other evidence of indebtedness for the purpose of procuring funds, * * * nor shall they begin the actual construction of the work proposed to be done therein until the contract shall have been let for the construction of an outlet ditch to carry the waters from the ditches of said district to the Mississippi river, with the starting point, route, terminus, width, depth and slope substantially the same as that of the ditch proposed to be constructed by the North Alexander County Drainage District, * * * maps, plans, profiles and specifications of which are in evidence in this proceeding." We think this question should have been heard and disposed of by the trial court before the selection of a jury to try the question of benefits to the property assessed. Whether this question is properly preserved in the record so that it may now be raised it is unnecessary to decide, as appellants afterwards raised the same question on the trial before the jury, contending that until the outlet was provided their property assessed would not be benefited.

This court has repeatedly held that an assessment against property such as here involved can only be justified on the proof in the record that the work proposed and provided will specially benefit said property; that such assessment

cannot be legally predicated upon future action of the public authorities or future legislation; that property will be held not to be benefited in case subsequent work is required for which no provision is made; that in such proceedings it cannot be presumed that the public authorities will take certain action so that the property may be benefited in the future; that the property owner is entitled to a positive provision "that the action will be taken." (*Village of River Forest* v. *Cummings,* 261 Ill. 228; *City of Chicago* v. *Kemp,* 240 id. 56; *City of Waukegan* v. *Burnett,* 234 id. 460; *Lindblad* v. *Town of Normal,* 224 id. 362; *Gordon* v. *City of Chicago,* 201 id. 623; *Mason* v. *City of Chicago,* 178 id. 499; *Gray* v. *Town of Cicero,* 177 id. 459; *Title Guarantee and Trust Co.* v. *City of Chicago,* 162 id. 505; *Washington Ice Co.* v. *City of Chicago,* 147 id. 327; *Edwards* v. *City of Chicago,* 140 id. 440; *Hutt* v. *City of Chicago,* 132 id. 352.) Benefits depending on future action by municipal or other legislative authority are too speculative and uncertain, under these decisions, to authorize the levying of a special assessment upon property. Before the courts are justified in entering judgments assessing property for benefits for proposed improvements, such definite, positive action must be taken by the public authorities that property owners are plainly authorized to enforce, by legal proceedings, the construction of such improvements. Obviously, from what has already been stated, no such definite action has been taken by the public authorities here,—no action under which appellants could enforce in the courts the construction of the outlet for the appellee district. On this record the North Alexander County Drainage District is under no legal obligation to construct said outlet ditch; neither has the appellee taken any definite action for the construction of said outlet. The authorities cited by counsel for appellee on this question, such as *Badger* v. *Inlet Drainage District,* 141 Ill. 540, *People*

v. *Welch,* 252 id. 167, and *Bainum* v. *Randolph Drainage District,* 257 id. 486, are not in point on this question.

Counsel for appellee argue that the provisions of an act of the legislature as to the connection of ditches between adjoining districts, approved June 28, 1913, (Laws of 1913, p. 271,) authorized the entering of the judgment by the court below. No attempt has been made to point out any provisions of this act, and we have found none, which apply to the conditions presented by this record.

Counsel for appellee further insist that appellants are in no way injured, because the bonds will not be issued or the contract let for the work of this district until the contract shall be let for the construction of the outlet ditch. The judgment in this case provided that the amount of the assessments against appellants' lands should bear interest at the rate of six per cent from the date of the judgment until paid.

Other questions are raised in the briefs which we deem it unnecessary to consider or decide, as the judgment must be reversed for reasons already stated.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*