OSBORNE *v.* BOARD OF IMPROVEMENT OF PAVING DISTRICT No. 5
OF FORT SMITH.

Opinion delivered April 25, 1910.

1. JUDGE—DISQUALIFYING INTEREST.—The interest which disqualifies a judge is not the kind of interest which one feels in public proceedings or public measures; it must be a pecuniary or property interest or one affecting his individual rights; and the liability of pecuniary gain or relief must occur upon the event of the suit, and not result remotely in the future from the general operation of laws and government upon the status fixed by the decision. (Page 565.)

2. SAME—WHEN NOT DISQUALIFIED.—A chancellor is not disqualified, in a suit by an improvement district to enforce an assessment for paving property within such district, by reason of the fact that he resides and owns property within the territorial limits of the district, if the street upon which he owns property has already been paved and the assessments thereon have been paid. (Page 566.)

3. IMPROVEMENT DISTRICT—VALIDITY OF ASSESSMENT—BURDEN OF PROOF.—The burden is upon one who seeks to avoid the lien of an assessment for an improvement to show that the assessment was not properly levied. (Page 566.)

4. SAME—CONCLUSIVENESS OF ASSESSMENTS.—The questions of the benefit to particular property to be derived from a particular improvement, and the correctness of the assessments levied thereon, are concluded, except for fraud or demonstrable mistake, by the action of the city council in establishing the district and of the assessor in assessing each piece of property, unless set aside in a proceeding instituted within thirty days after publication of the ordinance levying the assessments. (Page 566.)

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*T. S. Osborne* and *James Brizzolara,* for appellant.

The action of the council in including property and assessing it is only *prima facie* evidence that it is included and benefited. 52 Ark. 107; 84 Ark. 257. The council's findings are only conclusive when the statute makes them so. 2 Dill. Mun. Corp. 800; 117 U. S. 683. A law must be interpreted in favor of the citizen when burdens not known to the common law are imposed. 71 Ark. 556. The same territory cannot legally be made part of two levee districts and subjected to levee taxes in both. 37 La. Ann. 538; 1 Cooley, Tax. 394; 19 Mo. 179; Kirby's Dig., § 5683. Property must be affected or benefited, or it is not legally in the district. 70 Ark. 451; 84 Ark. 390.

*Youmans & Youmans,* for appellee.

The objection to the introduction of the ordinances on the ground that they were incompetent, irrelevant, and immaterial amounts to a claim that the ordinances were not properly published. The burden of proof is on the party making such claim. 53 Ark. 368; 56 Ark. 370; 68 Ark. 376. The action of the city council in including the four old districts in No. 5 was not void. 84 Ark. 257; 52 Ark. 107.

McCulloch, C. J. The Board of Improvement of Paving District No. 5 of Fort Smith, an improvement district organized for the purposes which its name indicates, instituted this suit in the chancery court of Sebastian County, Fort Smith District, against defendants Osborne and certain other owners of real property in said district, to enforce payment of special assessments levied on the property. The complaint is in conformity with the special provisions of the statute respecting such suits. Kirby's Dig., § 5691 *et seq.* The defendants answered, and on hearing the cause the court rendered a final decree for enforcement of the assessments, from which decree defendants have appealed.

The statute provides that if an appeal be taken from a decree in a suit of this kind the "transcript shall be filed in the office of the clerk of the Supreme Court within twenty days after the rendering of the decree appealed from," and that "no appeal shall be prosecuted from any decree after the expiration of the twenty days herein granted for filing the transcript in the clerk's office of the Supreme Court." Kirby's Dig., § § 5706-5709).

The appeal in this case was taken as soon as the decree was rendered, but the transcript was not filed within twenty days thereafter. The defendants filed an affidavit, which is incorporated in the transcript, tending to show that the delay in filing the transcript in this court was caused by counsel for plaintiff withdrawing from the office of the clerk of the lower court some of the documentary evidence on which the case was tried.

Inasmuch as the case is to be affirmed on other grounds, we will not attempt to decide how far the above quoted statute is applicable, or whether this court possesses the power to ex-

tend the time for filing transcripts in such cases, or whether the defendants have in proper manner shown sufficient excuse. We pretermit a discussion of those questions. The case of *Boles* v. *Kelley,* 90 Ark. 29, is decisive of most of the questions raised, and we will not discuss the questions so decided.

The defendants filed a paper suggesting the disqualification of the chancellor, the Hon. J. V. Bourland, on the ground of interest in the controversy, alleging that he resided within the territorial limits of said district and owned real property therein, "affected in value by reason of the proposed improvement in said paving district." The chancellor overruled the suggestion or motion, and declined to certify his disqualification. In overruling the suggestion, the chancellor stated that "his property was located on 14th Street, that said street was paved, and that the assessments thereon had been paid."

It does not appear that the chancellor had any interest in the result of the litigation, other than the general interest which any other citizen and property owner in the district had. In fact, the suggestion of disqualification seems to be based on the alleged fact that the chancellor's real property in the district was "affected in value by reason of the proposed improvement," which is at most only a remote interest and not a direct one.

The case of *Foreman* v. *Marianna,* 43 Ark. 324, was a proceeding to annex territory to the town, and the objection was made that the county judge was disqualified because he was a resident and taxpayer of the town. This court held that this was no disqualification, and in disposing of the case said: "The 'interest' which disqualifies a judge, under the Constitution, is not the kind of interest which one feels in public proceedings or public measures. It must be a pecuniary or property interest, or one affecting his individual rights; and the liability of pecuniary gain or relief to the judge must occur upon the event of the suit, not result remotely in the future from the general operation of laws and government upon the status fixed by the decision."

"The interest which will disqualify a judge," says Mr. Work in his treatise on Courts, p. 396, "must be direct and immediate, and not contingent and remote."

We are of the opinion that nothing is shown in this record which discloses the fact that the chancellor has such a direct interest in the result of the suit as would disqualify him.

It is insisted that the proof shows that the owners of a majority in value of the real property in the district did not sign the petition for improvement, and that the assessment was therefore void. This contention is based on the fact that the owners of property in old districts embraced in the new one signed the petition, and that when their property is eliminated from the count the petition does not contain a majority. *Boles* v. *Kelley, supra;* is conclusive of this question against the contention of defendants. The burden of proof was on the defendants to show that the assessments were not properly levied. *Board of Improvement Dist.* v. *Offenhauser,* 84 Ark. 257.

The questions of the benefit to particular property to be derived from the improvement, and the correctness of the assessments levied thereon, are concluded, except for fraud or demonstrable mistake, by the action of the city council in establishing the district and of the assessor in assessing each piece of property, unless set aside in the manner provided by statute in a proceeding instituted within thirty days after the publication of the city council levying the assessments. *Board of Imp. Dist.* v. *Offenhauser, supra; Kirst* v. *Street Imp. Dist.,* 86 Ark. 1.

Defendants urge many reasons why the assessments are unjust, but they all go back to the questions which are concluded by the decisions of the court above referred to. We find no error in the proceedings, and the decree is therefore affirmed.