# MOUNT SAINT MARY'S CEMETERY ASSOCIATION *v.* MULLINS.

**ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.**

No. 56.   Argued November 15, 18, 1918.—Decided January 27, 1919.

The land of a cemetery association was assessed as a whole, and subjected to a single lien, for a local improvement, although much of it had been disposed of to lot holders for burial purposes. It appearing that the fee of the whole tract remained in the association, *held,* that the latter was not deprived of property without due process. P. 504.

Subject to the limitation that a local assessment must not be arbitrary or unreasonable, the question whether it is justified by the benefit conferred is to be determined by the local authorities, as is also the question whether property should be made a separate improvement district or included in a larger one. P. 505.

The fact that the land of a cemetery association is included for the purposes of sewer improvement, and assessment, in a district with a larger area of land devoted to other uses, while other cemeteries have been districted separately for such purposes, does not establish a denial of the equal protection of the laws, where similarity of situation and conditions is not shown. *Id.*

Notice and opportunity to be heard before the creation of a special improvement district are not essential to due process if a full hearing be afforded in subsequent judicial proceedings to enforce the tax. *Id.*

268 Missouri, 691, affirmed.

THE case is stated in the opinion.

*Mr. William Moore* and *Mr. Clarence S. Palmer*, with whom *Mr. Francis C. Downey* and *Mr. Henry L. McCune* were on the brief, for plaintiff in error.

*Mr. Matthew A. Fyke*, with whom *Mr. Jesse C. Pether-bridge* and *Mr. Emmet L. Snider* were on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This suit was begun in the Circuit Court of Jackson County, Missouri, to enforce the liens of tax bills upon land of the Mount Saint Mary's Cemetery Association. The tax bills were assessed in part payment of the cost of two district sewers constructed in a sewer district in Kansas City, Missouri. The Mount Saint Mary's Cemetery Association is a corporation organized under the laws of the State of Missouri for the purpose of acquiring and maintaining a cemetery, subdividing it into lots, selling, disposing of, and managing the same. The net proceeds after providing for expenses and a maintenance fund are applied to the support of Catholic orphan asylums.

The case has been three times in the Supreme Court of Missouri. In 239 Missouri, 681, it was held that the cemetery land was liable to assessment under the constitution and laws of Missouri and the charter of Kansas City. In 259 Missouri, 142, the court held that the land was chargeable with its share of the cost of constructing the sewer; that the holder of a lot in the cemetery had no title or interest in the lot except a mere easement or burial right subordinate to the ownership of the cemetery by the corporation; that the special tax bills were properly issued against the entire grounds of the cemetery; that fraud in

laying out the sewer district, if such there were, was not a defense to the action on the tax bills unless the alleged fraud was known to the contractor who did the work. In the third case, 268 Missouri, 691, the court affirmed a judgment in favor of Mullins against the Cemetery Association, holding that the presumption was in favor of the reasonableness of an ordinance which included a cemetery in the sewer district, and assessed its property with the cost of lateral sewers laid in the alleys and streets adjacent to the cemetery, and that such presumption must be satisfactorily overcome by proof in order to be defeated; that when it was shown that the sewer for which the tax bills were issued served to carry away the surface water in the cemetery, and there was no evidence that the sewers were not beneficial in the sanitation of the cemetery, it would be presumed that the city council was fully informed upon the subject, and that its ordinance was reasonable; that the tax, though large, must stand in the absence of a showing that it was unreasonable; that it was not reversible error to exclude evidence that the city in two other cases had made cemetery associations separate sewer districts in the absence of a showing that this was done under a state of facts like those then presented; that such assessments required no notice of the proceedings unless required by some charter, ordinance, or statutory provision; that the sewer tax bills could be issued against the land in its entirety, such ownership being in the Association.

So far as the judgment of the Supreme Court of Missouri turns upon matters of state law it is conclusive. The final judgment is here upon writ of error because of the contention that it violates the Fourteenth Amendment to the Federal Constitution in that its effect is to deprive the plaintiff in error of its property without due process of law, and to deny to it the equal protection of the laws. In passing upon the case the Supreme Court of Missouri,

in the decision under review, found that the sewer district contained about 407 acres; that the Cemetery Association owned about 34 acres of land in said district which was assessed for sewer purposes; that the effect of the sewers was to drain the surface water from some of the land of the association; that there were no openings in the sewer-pipes for house connections, but the evidence showed that such openings were often made by the plumbers when the connections were made; that the grading contractor, in grading a street on the west side of the cemetery, had made a ten-foot fill near the northwest corner of the cemetery, and placed a ten-inch pipe so as to lead the water from the cemetery into the man-hole at that point, thus preventing the formation of a pond; that there are two waterclosets in the cemetery grounds not connecting with these sewers; that the Association has an eight-inch pipe about 400 feet long laid in the cemetery for the purpose of drawing the water to the west; that about one-half of the land in the cemetery had been disposed of in lots for burial purposes. Others facts, not essential to be considered in the disposition of the federal questions, were found.

The plaintiff in error contends that it was deprived of its property without due process of law inasmuch as about one-half of the tract of 34 acres belonging to the Cemetery Association had before the assessment been conveyed for burial lots; that the assessment against the entire tract had the effect to impose a lien upon much of its property arbitrarily as the burial lots had been conveyed to others. But the Supreme Court of Missouri held that the fee in the title to the burial lots, which had been sold or leased, was still in the Association, with an easement of the right of burial in the lot purchasers. We see no deprivation of due process of law in this holding, making the ownership of the Association the subject of assessment. The right of burial, which was all that the lot purchasers or lessees

acquired, for obvious reasons could not be put upon the market and sold to pay assessments. The Association had a title which the court held might be and was the subject of assessment.

It is urged that the Cemetery Association was not benefited by the assessment. But the court found, with evidence to support its conclusion, that the sewers served to carry away surface water; and that there was no evidence to show that the cemetery would not have been benefited as to sanitation as a result of the construction of the sewers. It is well settled that unless such assessment is arbitrary and unreasonable the extent of the benefit, essential to justify the assessment, was a matter within the control of the local authorities. *Spencer* v. *Merchant*, 125 U. S. 345, 356; *Wagner* v. *Baltimore*, 239 U. S. 207.

This case is not within the principle of *Myles Salt Co.* v. *Iberia Drainage District*, 239 U. S. 478, where it was sought to embrace property in nowise benefited within the limits of a drainage district.

It is contended that the Cemetery Association might have been made a sewer district of itself and not have been included in so large a district. Again, this was a matter for the local authorities to decide, and, in the absence of arbitrary action, their judgment is conclusive. *Spencer* v. *Merchant, supra; Wagner* v. *Baltimore, supra; Houck* v. *Little River Drainage District*, 239 U. S. 254.

The denial of equal protection of the laws is said to result from the fact that other cemetery grounds had been placed in districts by themselves. But the record fails to show similarity of situation and conditions. In the absence of arbitrary action the making of this assessment upon the district as constituted will be presumed to have been warranted by the circumstances of the case.

It is insisted that no notice was given, or opportunity to be heard, prior to the creation of the sewer district, and,

therefore, due process of law was denied. These tax bills were levied upon districts the creation of which was authorized by legislative authority. The record discloses that the owner has had full opportunity to be heard, in judicial proceedings to enforce the tax, and its contentions of arbitrary action and lack of benefits conferred have been considered and decided. This is due process. *Davidson* v. *New Orleans*, 96 U. S. 97; *Embree* v. *Kansas City Road District*, 240 U. S. 242, 251.

This court has more than once declared that it does not interfere with the taxation and assessment laws of the States as violative of the Fourteenth Amendment unless the State's action has been palpably arbitrary or grossly unequal in its application to the persons concerned. In this case the assessment is a large one, but we are unable to find that the judgment sustaining it has had the effect to deprive the Cemetery Association of its property without due process of law, or has denied to it the equal protection of the laws.

*Affirmed.*