**RICE, et v DANVILLE (village)**

Ohio Appeals, 5th Dist, Knox Co
No 303. Decided March, 1930

F. O. Levering, Mt Vernon, for Rice, et.
Koons & Ferenbaugh, for Village.

LEMERT, PJ and SHERICK, J (5th Dist)
and FUNK, (9th Dist) sitting.

 

**LEMERT, PJ.**

The record discloses that the amount assessed against the property owners was less than the amount that could have been lawfully assessed against them, assuming that they were benefitted to that degree.

Section **3896 GC** provides for the items of cost which may be included and contains the phrase, "any other necessary expenditure."

Plaintiff's chief contention seems to be and stress is made upon the subject of the question of exceeding the benefits conferred upon the property. We do not believe that the term "benefits" means simply an advance or increase in market values, but they are the increase in actual money value and also the potential or actual added use and enjoyment of the property.

In connection with this phase of the matter we note that some twenty-six witnesses were called and they all no doubt being upright and respectable citizens and no doubt their opinions were honest, and we note how the opinions of these witnesses differ and vary as to the manner or extent to which the adjoining or abutting property may be or has been benefitted.

Plaintiffs claim that because it was not possible to show at the completion of the improvement an improved change in the market value of the properties that they were not benefitted to the amount of the assessments. We do not believe that this argument is logical, for the reason that the value may be present in the properties and there still be no market value for them. The market value of all properties at this time, both rural and in cities and villages, has not increased or enhanced in value, and we believe that it would not be right and proper in this case to hold to the rule contended for by counsel for plaintiffs, because the actual value to the lots in question and benefits may in reality be there, yet the property may not have advanced in value and the lots might not sell for any more than they would have sold for before the assessments and improvements were made. The fact that there is not and has not been a market value for these lots is not controlling in the instant case. It might be that the owners may not desire to sell them or they may desire to hold them in connection with their homes or other adjacent or abutting property.

While the history of this case and particularly the assessing ordinance is somewhat varied, yet we are only concerned with it in its present condition. So the question is, does it violate any right? And we note that the ordinance as presented to the Court below in this case was adopted by the present Council after a prolonged suit and consideration of the rights and obligations of the plaintiffs, and it is to be presumed, as a result of their fair and honest judgment, and the facts show that in dealing with several of these properties the Council specifically found that they were not benefitted to the amount which would have been charged against them had the rate been uniform and have given relief to some five or six owners of the less valuable properties. So we are inclined to believe that the actions and conduct of Council bears silent but strong testimony to the fact that no righs of the plaintiffs have been violated.

While as a matter of law it is true that assessments must not exceed the benefits, we believe that the ordinance regards this limitation as well as the limitation of one-third of the value; hence there is no necessity whatever for attempting to make the assessments uniformly according to benefits. In other words, the Statute provides that while these limitations must be observed, the Village may still have the right to assess by the foot front, and this contention is upheld by the Supreme Court in **68 Oh St 603**, and also Page & Adams' General Code, 38112, Note C, Subdivision 1.

The Courts of our State have well defined the cases involving and defining what benefits may be:

**11 C. C., N. S., 299; 10 C. C. N. S.; 38; 78 Oh St, 412.**

In the absence of proof to the contrary the assessing ordinance in this case is presumed to be valid and it was incumbent upon the plaintiffs to show and convincingly that some or one of the limitations were violated, which in the instant case has not been done.

Therefore it follows from the foregoing conclusions of fact and law that the plaintiffs in this case have failed to make a case, and the finding and judgment of this Court is that plaintiff's Petition be and hereby is dismissed at plaintiff's costs. Motion for new trial is overruled. Exceptions may be noted.

Sherick, J, and Funk, J, concur.