KELLEY TRUST COMPANY *v.* PAVING DISTRICT No. 46 OF FORT SMITH.

Opinion delivered October 19, 1931.

412

George F. Youmans, for appellants.

George W. Dodd, for appellee.

HART, C. J., (after stating the facts). The suit was brought within the time required by statute and therefore constitutes a direct attack upon the assessment of benefits. The question thus presented by the record is mainly one of fact.

At the outset, it may be stated that the special benefit conferred upon private property by public improvement is the foundation of the power to assess it to pay the cost of the improvement. This is the only theory upon which, under our Constitution, an assessment can be justified. An assessment cannot be levied if the amount of it is in excess of the benefits in the enhancement of the value of his property received by the owner from the improvement. *Kirst* v. *St. Imp. Dist. No. 120*, 86 Ark. 1, 109 S. W. 526; *Osborne* v. *Board of Improvement of Paving District No. 5 of Fort Smith*, 94 Ark. 563, 128 S. W. 357: *Mullins* v. *City of Little Rock*, 131 Ark. 59, 198 S. W. 262, L. R. A. 1918B, 461; and *Johnston* v. *Conway*, 151 Ark. 398, 237 S. W. 80.

Many other authorities in support of the general rule might be cited, but the principle is so firmly established in this State that a further citation of authorities is unnecessary.

The only difficulty is to apply the rule correctly under the facts of each particular case. The general test is whether the proposed improvement will enhance the actual value or worth of the property. The test is not whether, as now used by its present owner, any advantage is received, but whether its general value has been enhanced. While the mere fact of improvement or failure to improve is not the controlling question, yet the situation and conditions surrounding the property may be looked into to ascertain the weight to be given to the testimony of the witnesses with regard to their opinion as to whether or not the property will be enhanced in value by the amount of the assessment of benefits against it.

Two streets were to be paved in the present district, each of them being two blocks in length. The two streets proposed to be paved run east and west and are parallel to each other and are connected with paved streets on each end. It will be seen from our statement of facts that the witnesses differed widely in their judgment or opinion as to whether the proposed improvement would enhance the value of the property to the amount of the special assessment against it.

The assessors and witnesses for the improvement district testified that the property would be enhanced in value in the amount assessed against each lot in the district, but they in the main contented themselves with the general statement that they were familiar with real estate values in Fort Smith and believed this to be true. According to the testimony of Noe, one of the assessors, they began by getting an estimate of the cost of the paving from the engineer of the district, and thus obtained the amount necessary to be raised by means of the assessments. He said their purpose was to charge each lot in proportion to the entire amount, figuring five per cent. for the improvement. This is a proper matter for consideration in testing the credibility to be given this witness. Doubtless his judgment was at least unconsciously affected in the assessment by the knowledge that the as-

sessments of benefits must be high enough to cover the estimated cost of the improvement and leave a margin for unforeseen contingencies. The test is whether the general value of the property will be enhanced to the amount of the assessment.

The testimony for the witnesses for the property owners was directly contrary to that of the witnesses for the district. The witnesses for the property owners stated positively that the property of appellants is not worth the cost of the improvement or of the assessment of benefits against the property. They stated that no one would assume the burden of the cost of the assessment upon the property, for the property. They stated that under present conditions, which have existed for more than two years, no one would buy the property and improve it with the probability of having to pay the assessment of benefits levied against it. They stated that the property had no salable value for any reasonable amount, and that it would have to be greatly sacrificed in order to sell it at all. They stated further that if the property was sold for speculative purposes, it could not be given away to any one who would pay the assessment of benefits against it. While witnesses for the defendant contradict this testimony, they all admit that there has been no market for the property of this kind for the past year.

It does not make any difference whether the general depression and the financial condition of the country caused this or whether there are other extraneous causes for it. The test is whether the property will be enhanced in value to the amount of the special benefits assessed against it. As we have already seen, where lands are improved by legislative action for a public improvement, the cost of such improvement may only be imposed on the property to the extent of the special or peculiar advantages received by it. In this way it is not considered that the property of the individual or any part of it is taken from him for the public use, for the reason that he is compensated by the enhancement of the value of his property. In short, the principle is only applicable where

the assessed benefits is commensurate to the burden. If the sum is exacted of the property owner in excess of the enhanced value, then to that extent private property is taken for public use without just compensation to the owner.

A majority of the court is of the opinion that, when the situation of the property and the conditions existing at the time the assessment of benefits was made are considered, the assessors levied against the property of appellant an amount of benefits substantially in excess of any enhancement in the value of the property, and that the chancellor erred in not so holding. Therefore the decree will be reversed, and the cause will be remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.

Justices Smith, Kirby and McHaney dissent.