# COUNTY OF BECKER v. SHEVLIN LAND COMPANY AND OTHERS.[1]

July 1, 1932.

No. 28,756.

[1]Reported in 243 N. W. 433.

402

*William M. Nash, Chester L. Nichols,* and *Johnston & Carman,* for relators.

*C. U. Landrum,* County Attorney, *P. F. Schroeder,* and *Schroeder & Hogan,* for respondent.

LORING, J.

Relators obtained a writ of certiorari to review an order of the district court made in condemnation proceedings appointing commissioners to appraise the benefits and damages consequent upon the taking of a right of way for a public highway which the county board had established under the provisions of L. 1923, p. 131, c. 129, as amended by L. 1929, p. 139, c. 142, Mason, 1931 Supp. § 2582-1. The act cited authorizes the establishment of a county road not over a mile long and 66 feet wide to connect a public highway with a meandered lake "or navigable stream running between two meandered bodies of water."

The proposed road will connect a public highway with the Otter Tail river at a point where that stream runs between Blackbird lake and Rice lake, both meandered bodies of water. The relators' lands lie along the Otter Tail river and the route of the proposed road. The Otter Tail river is not a meandered stream, but the road is sought upon the assumption that the river is navigable. The patent from the United States to the original grantee covering the subdivisions through which the river runs between Blackbird lake and Rice lake did not except the bed of the stream from its terms.

The relators assert that the act cited is unconstitutional; the use for which the lands are to be taken is not a public use; the Otter Tail river to which the proposed road runs is not a navigable stream; and that the proceedings to establish the road are void because of an agreement by private citizens to defray the expense of obtaining the right of way and of constructing a road thereon.

In our opinion the act under consideration is not unconstitutional on the ground upon which relators attack it. They take the

position that as far as it relates to navigable streams it is in the nature of special legislation because they assert the act was passed to establish this particular highway. The record falls short of so indicating, and the classification seems germane to the purposes of the act. There may be and probably are many small navigable streams connecting meandered lakes, and if these streams are not accessible from existing highways we see no impropriety in authorizing a highway which will provide accessibility. Whether the act may be sustained in its application to a meandered non-navigable lake is not before us, and if unconstitutional in that respect it is sufficiently complete and workable as to navigable streams to sustain it even if objectionable on other grounds.

■ Otter Tail river is not a meandered stream, but under the evidence in this record the question of its navigability was one of fact found against the relators by the trial court. As we read the record the court's finding is sustained, and the rule of navigability as announced in U. S. v. Holt State Bank, 270 U. S. 49, 46 S. Ct. 197, 70 L. ed. 465, is satisfied. Does the fact that the United States has assumed to patent the land forming the bed of this navigable stream change the situation? We think not. Lands underlying navigable waters become the property of the state upon its admission to the union unless in its sovereign capacity the United States has previously alienated them. We find no such alienation here, and consequently the patent of the federal government did not pass what that government did not own. Its effect was no greater than if the Otter Tail river had been meandered as a navigable stream. U. S. v. Holt State Bank, 270 U. S. 49, 46 S. Ct. 197, 70 L. ed. 465; McGilvra v. Ross, 215 U. S. 70, 30 S. Ct. 27, 54 L. ed. 95; Packer v. Bird, 137 U. S. 661, 11 S. Ct. 210, 34 L. ed. 819.

■ The Otter Tail river being in fact a navigable stream and consequently public waters, the laying out of a road to connect it with a public highway may be sustained as for a public purpose.

■ Neither does the fact that the proposed road lies wholly within a township affect the situation. The legislature has plenary power over the matter of highways except where limited by the

constitution, and we have been referred to no provision preventing it from authorizing a county board to establish a highway wholly within a township.

■ The relators' last contention is that the offer of the members of the Izaac Walton League to defray the expenses of right of way and construction influenced the action of the county board and vitiated their resolution of establishment. Our view of the law on the questions previously considered in effect establishes the public purpose of the road. The fact that it will be used chiefly by a limited class of people does not change the purpose from public to private. We find in this record no fraud or collusion with private interests. The question of the propriety and necessity of the taking is considered by this court as being essentially a legislative and not a judicial one, State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 171 N. W. 314; and therefore the motives of the members of the board are not subject to judicial inquiry, in the absence of fraud, bad faith, or arbitrary action against the public interest or an obviously erroneous view of the law. Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; Mt. St. Mary's Cemetery Assn. v. Mullins, 248 U. S. 501, 39 S. Ct. 173, 63 L. ed. 383; Parks v. City of Boston, 25 Mass. (8 Pick.) 218, 19 Am. D. 322.

The writ is discharged and the order of the trial court affirmed.

OLSEN, J. took no part.