**LOUISVILLE MEMORIAL GARDENS, Inc.
v. CARPENTER et al.**

Court of Appeals of Kentucky.

Oct. 16, 1953.

Albert F. Reutlinger, Louisville, for appellant.

Henry T. Merritt, Louisville, for appellees.

COMBS, Justice.

A group of 237 citizens of Jefferson County petitioned the Jefferson County Court to establish the Stowers Lane Road district for the purpose of improving the roads within the district. The preliminary steps required by Chapter 184, Kentucky Revised Statutes were taken. That statute authorizes the establishment of such a road district in counties containing a city of the first class. To pay for improvements to the road, it was determined that each abutting property owner in the district should be assessed at the rate of $3.31 per front foot. The appellant, Louisville Memorial Gardens, owns some 2,872 feet of property which abuts the southern line of Stowers Lane. A part of this property is now used

for cemetery purposes and the remainder is being developed for that purpose. Appellant objected to the inclusion of its property in the district and to the levying of any assessment against it. The objections were overruled, hence this appeal.

The appellant questions the validity of the assessment on two grounds: (1) Chapter 184, KRS, is not applicable since its preamble refers to thickly populated areas whereas the area in question is not thickly populated, and (2) the Fourteenth Amendment to the Federal Constitution prohibits the assessment against appellant's property because it would receive no benefits from the improvements.

■ We are not impressed with the first contention. The preamble is generally not considered an essential part of a legislative act. Reeves v. Adam Hat Stores, 303 Ky. 633, 198 S.W.2d 789. The general rule is that the preamble may be resorted to in interpretation only when there is ambiguity in the statute. Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52; Prewitt v. Warfield, 203 Ark. 137, 156 S.W.2d 238; State v. Crane Hook Oil Storage Co., 2 Terry 194, 41 Del. 194, 18 A.2d 427; Alert Building and Loan Ass'n of City of Newark v. Bechtold, 120 N.J.L. 397, 199 A. 734. We find no ambiguity in this Act. It provides that public road districts may be established in counties containing cities of the first class, and that any person or group of persons owning property abutting any public road, which is neither a county nor a state road, may sponsor the creation of such a district. We think the statute is broad enough to cover the situation presented.

■ The second contention presents a more difficult problem. The general rule is that special assessments against property will not be upheld unless there is benefit to the property. Houck v. Little River Drainage District, 239 U.S. 254, 36 S.Ct. 58, 60 L.Ed. 266; Harlan v. Town of Bel Air, 178 Md. 260, 13 A.2d 370; Stettheimer v. City of Butte, 62 Mont. 297, 204 P. 1039; Stockman v. City of Trenton, 132 Fla. 406, 181 So. 383; River Forest Village v. Cummings, 261 Ill. 228, 103 N.E. 971; McQuillin, Municipal Corporations, Vol. 14, sec. 38.31.

Some of the older Kentucky cases held that the owner of property may be compelled to pay his share of the cost of a street improvement although he received no particular benefit from the improvement. City of Louisville v. Bitzer, 115 Ky. 359, 73 S.W. 1115; Otter v. Barber Asphalt Pav. Co., 96 S.W. 862, 29 Ky.Law.Rep. 1157; Pearson & Co. v. Zable & Co., 78 Ky. 170. In those cases the court looked not at each individual piece of property but at the district as a whole, and if the improvement benefited the district the assessment was upheld. But even in those cases it is clearly implied that if an assessment is so arbitrary or excessive as to amount to confiscation or spoliation, the assessment is invalid.

The rule was modified in the later case of City of Owensboro v. Sweeney, 129 Ky. 607, 111 S.W. 364, 365, 18 L.R.A.,N.S., 181, where it was said:

"The theory upon which special taxes are sustained is that the property assessed receives special benefits *in addition* to those received by the community at large. * * * special taxes cannot be levied unless the property charged receives a corresponding physical, material, and substantial benefit from the exaction; and * * * if the assessment does not confer a * * * benefit, it will be invalid upon the ground that it is an attempt to take private property without just compensation * * *."

■ The question whether property assessed for improvements will be benefited by the improvement is one of fact to be determined by the legislature or the legislative body of the local governmental unit, and the decision of such body can be assailed under the Fourteenth Amendment only where its action is so arbitrary and unwarranted as to amount to confiscation. Butters v. City of Oakland, 263 U.S. 162, 44 S.Ct. 62, 68 L.Ed. 228; Mount St. Mary's Cemetery Ass'n v. Mullins, 248 U.S. 501, 39 S.Ct. 173, 63 L.Ed. 383; Philadelphia, B. &

W. R. R. Co. v. Hazen, 73 App.D.C. 37, 116 F.2d 543; Northern Pacific Terminal Co. of Oregon v. City of Portland, 9 Cir., 80 F.2d 738; Otter v. Barber Asphalt Pav. Co., 96 S.W. 862, 29 Ky.Law.Rep. 1157; City of Ludlow v. Trustees of the Cinn. & Co. R. Co., 78 Ky. 357, 1 Ky.Law.Rep. 105.

 The test applied by the courts in determining whether the local authorities have acted arbitrarily is not whether the particular use to which the property is put is made more profitable, nor whether the owner has greater enjoyment of his property due to the improvement, but whether the property will be enhanced in value as a result of the improvement. City of St. Louis v. Senter Commission Co., 336 Mo. 1209, 84 S.W.2d 133; Kelley Trust Co. v. Paving Dist. No. 46, 184 Ark. 408, 43 S.W.2d 71; City of Springfield v. Haydon, 216 Ky. 483, 288 S. W. 337; In re Superior Street in Duluth (Appeal of Duluth & I. R. R. Co.), 172 Minn. 554, 216 N.W. 318; People ex rel. Delaware L. & W. R. Co. v. Wildy, 262 N. Y. 109, 186 N.E. 410; In re Widening Mulberry St., 11 N.J.Misc. 295, 166 A. 447; Appeal of Cohen, 117 Conn. 75, 166 A. 747; Rice v. Incorporated Village of Danville, 36 Ohio App. 503, 173 N.E. 621; McQuillin, Municipal Corporations, Vol. 14, sec. 38.33.

In this case the determination in the county court, necessarily implied by entry of the judgment, that appellant's property will be benefited by the improvement is conclusive upon this court unless the decision was so arbitrary and unreasonable as to amount to confiscation. The appellant has failed to show that such is the case. The only basis for the contention that it is not benefited is that its property is used as a cemetery and that it does not make extensive use of Stowers Lane. There is evidence that appellant has made some use of Stowers Lane in carrying on its business. But even if it made no use of the road that fact would not be decisive. The test is whether the property will be enhanced in value by reason of the improvement and appellant has not shown it will not be. We are not called upon to determine whether the assessment is fair. The prerogative of

a court to interfere extends only to those cases where the assessment is so arbitrary as to amount to a taking in violation of the Constitution. Such is not the case here.

The argument that appellant is being required to pay approximately one-seventh of the entire cost to furnish the other property owners with an access road is also without merit since appellant is required to pay no more than its proportionate share, calculated on a front-footage basis.

The judgment is affirmed.