MR. B'S BAR AND LOUNGE, INC., Carrie Kitten House, Inc., Ron Allen d/b/a Doll House, John and Olive Silverman d/b/a Gay Ninety's Bar, Robert Allen d/b/a Greenlight Lounge, John Trent d/b/a Ishkoodah, James Scott d/b/a Jim's Lounge, O'Dell Smith d/b/a K-Kat Bar, Merry-Go-Round, Inc., Penguin Club, Inc., Rooster's Tail, Inc., Jimmy Lane d/b/a Station F. O. X. Y., Freddie Scarlott d/b/a The Village and Amelia Ravitz d/b/a Colonel Morris' Bar and Lounge, Appellants,

v.

CITY OF LOUISVILLE and Philip G. Scholtz, Cabinet Director, Public Health and Safety for the City of Louisville, Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1981.

Discretionary Review Denied
April 13, 1982.

Edward C. Airhart, Louisville, for appellants.

Walter R. Butt, III, Louisville, for appellees.

Before HAYES, HOGGE and REYNOLDS, JJ.

HOGGE, Judge.

On October 31, 1978, the appellants in this case brought suit against the City of Louisville and the Director of the Public Health and Safety Cabinet for the City, challenging the enactment of Ordinance 69, Series 1977. Ordinance 69 defines, regulates and licenses certain businesses as adult entertainment activities. These businesses are listed in Section 1(e) of the Ordinance as follows:

1. Adult book store.
2. Adult motion picture theater.
3. Adult vending motion picture theater.
4. Adult stage show theater.
5. Cabaret.
6. Adult amusement arcade.
7. Commercial sexual entertainment center.

The businesses of the appellants fall within the definition of a cabaret in Section 1(e)(5)

of the Ordinance. The appellants sought to contest the evidentiary findings in support of the ordinance as well as the validity of the Ordinance itself. After the parties submitted briefs on the issues raised in the case, the Jefferson Circuit Court granted a motion by the appellees for summary judgment. This appeal followed.

The appellants contend that the entry of a summary judgment was improper as it precluded the appellants from proving that the incorrectness of the findings in Section 1(a) of the ordinance invalidated the ordinance. As a preamble to the operative portions of the statutes, the Board of Aldermen made certain findings, including the findings that certain adult entertainment activities have contributed to an increased incidence of crime and juvenile delinquency. The appellants contend that they should have the opportunity to prove that the conditions declared to exist in the findings do not in fact exist, and the reasons for enactment of the ordinance were legally insufficient to justify the exercise of the police power. The preamble to a piece of legislation is generally held not to be an essential part of the legislation, *Louisville Memorial Gardens v. Carpenter*, Ky., 261 S.W.2d 627 (1953), 82 C.J.S. Statutes §§ 65, 66, and is usually resorted to only for interpreting an ambiguity in a statute. *Louisville Memorial Gardens, supra.* We are of the opinion that the argument on this issue basically consists of a questioning of the public policy on which the Board of Aldermen based its action. Those persons elected to a legislative position have the prerogative of declaring public policy for their constituents and the mere wisdom of their choice is not subject to the judgment of a court. *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975). In this case, as in *Jasper v. Commonwealth*, Ky., 375 S.W.2d 709, 711 (1964), we believe that the constitutionality of the act involved cannot be tested by its preamble. "The policy to be followed in promoting the public welfare is a legislative matter. If there is a legitimate basis for the policy [which we believe exists in the case before us], the courts may not question

it." *Jasper, supra,* at 711. *See also Borra-go v. City of Louisville,* 456 F.Supp. 30, 32 (W.D.Ky.1978); *Young v. American Mini Theatres,* 427 U.S. 50 at 55 fn. 11, 96 S.Ct. 2440, 2445, 49 L.Ed.2d 310, 317 (1976). We hold that there was no genuine issue of *material* fact, and that appellees were entitled to judgment as a matter of law. Therefore summary judgment on this issue was proper.

 The second issue raised by the appellant's brief is whether the trial court's summary judgment precluded the appellants from introducing proof to show that they had been arbitrarily and discriminatorily placed in a classification where they did not belong and whether the trial court should have held that the ordinance was overly broad as to these particular appellants. They contend that they have been arbitrarily and discriminatorily placed in a classification of pornography dealers although there is case law indicating that nude dancing may not necessarily be pornography. *California v. La Rue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Additionally, appellants assert that as they are in the business of selling alcoholic beverages, they are already regulated under the regulations of the Alcoholic Beverage Control Board. They further note that one of the purposes of the statute is to deter juvenile delinquency, but they are already specifically precluded from allowing minors to enter and loiter around their premises.

The ordinance involved in this case does not purport to regulate pornography as such, but rather seeks to regulate "adult entertainment activities." Whether or not topless go-go dancing or other entertainments falling under the cabaret classification of the ordinance are pornographic, they are clearly sexually-oriented entertainments as are other businesses which come under the ordinance, and as such, they involve similar problems of regulation. In view of that the classification has had reasonable basis, we cannot say that it is arbitrary or discriminatory. *Morey v. Doud,* 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957). As to appellant's comments that minors are not allowed to enter and loiter about their premises, we note that juvenile delinquency is not the only problem which the ordinance seeks to address.

The appellants state that their businesses are already subject to regulation by the Kentucky Alcoholic Beverage Control Board. They cite this fact in support of the contention that Ordinance 69 was overly broad and the Board of Aldermen should not have placed them in the classification of an adult entertainment activity, and that the appellees did not have the authority to enact this ordinance, as it purports to regulate alcoholic traffic. We believe that this argument is without merit. The ordinance seeks to regulate the businesses of the appellants not because they sell alcoholic beverages, but rather because of the sexually-oriented nature of the entertainment provided. Any problem which might occur by reason of differing regulations as to adult entertainment activities and the alcoholic beverage business, can be avoided by reason of the fact that Section 752.05(c) of the ordinance authorizes the Director of the Public Health to permit such variance or deviation from the regulations of the ordinance as will effectuate its purpose and intent.

Appellants contend that the conduct of traffic in alcoholic beverages is a constitutionally protected conduct and cite *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) as stating that an enactment may be "overbroad if in its reach it prohibits constitutional protected conduct." The intent of this statute is not to *prohibit* the type of entertainment the appellants provide but to regulate it. Furthermore, the ordinance is not directed at the regulation of the business of selling alcoholic beverages (which is the subject regulated by KRS Chapter 243) but at "adult entertainment activities." Therefore we find no reason in the arguments raised by the appellants for holding the ordinance invalid.

Appellants next contend that the trial court erred in not declaring the ordinance unconstitutional because of its regulation of

the signs used by businesses such as those of the appellants. They contend that is discrimination in violation of the equal protection clause because other bars are not so regulated; that the regulations are a denial of free speech; and that their property is being taken without just compensation.

As to the contention that the property is being taken without just compensation, there is nothing in the ordinance requiring that the appellants transfer their present signs to the local government; nothing is taken. The ordinance merely regulates what kinds of signs may be used in front of businesses covered by the ordinance.

We find no violation of equal protection by reason of the fact that the businesses of the appellants are placed in a different classification than other businesses which sell alcoholic beverages for the purpose of determining what type of signs may be used. The classification has a rational basis, that is, the unique problems involved in advertising of adult entertainment activities, and is therefore not arbitrarily discriminatory or in violation of provisions with respect to equal protection of the laws. *Morey, supra; Second Street Properties, Inc., v. Fiscal Court of Jefferson County,* Ky., 445 S.W.2d 709, 713 (1969).

As to appellant's contention that the ordinance is a violation of the right of free speech, the Supreme Court has held that although commercial speech is protected under the First Amendment, some forms of regulation of commercial speech are permissible. *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). In *Young v. American Mini Theatres,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310, 322 (1976) the United States Supreme Court held that reasonable regulations of the time, place, and manner of protected speech, where those regulations are necessary to further significant governmental interests, are permitted by the First Amendment. It is our opinion that the regulation involved in this ordinance does not violate the First Amendment. *See also Borrago v. City of Louisville, supra.*

Appellant contends that the trial court erred in not declaring the ordinance a zoning regulation and declaring that part of the ordinance dealing with the signs on business as void for failure to employ the procedures required in enacting zoning legislation. We do not regard the ordinance involved in this case as a zoning ordinance. Among the purposes to be achieved by the ordinance is decreasing the incidents of crime and juvenile delinquency. An example of the operation of this purpose may be found in the requirement that signs of businesses covered by the ordinance may have no lettering, wording, pictorial or representational matter characterized by emphasis on matter relating to sexual activities. Applications for licenses under the Ordinance are to be made to the Director of the Cabinet for Public Health and Safety, and many of the requirements are oriented toward the problem of safety and the deterrence of crime and juvenile delinquency. We hold that Ordinance 69, Series 1977 is not a zoning ordinance, and that procedural requirements for enacting zoning regulations were inapplicable.

As the final contention in their brief, the appellants argue that the trial court by prematurely granting summary judgment precluded them from presenting proof that the fee imposed by Ordinance 69 was arbitrarily excessive and solely for the purpose of raising revenue. The appellees contend that the ordinance is based on the police power of the City of Louisville, and that the license fee and purpose of the entire statute is regulation, not revenue-raising.

[W]here a license fee is imposed under the police power, the fee exacted must not be so large as to charge the ordinance with the imputation of a revenue-producing purpose. The fee that may be imposed under the police power is one that is sufficient only to compensate the municipality for issuing the license and for exercising a supervisory regulation over the subjects thereof. *City of Henderson*

*v. Lockett,* 157 Ky. 366, 163 S.W. 199 (1914) as quoted in *Roe v. Commonwealth,* Ky., 405 S.W.2d 25 (1966).

In view of the complexity of the ordinance, which involves numerous regulations which require inspection and enforcement, we are of the opinion that the circuit court could properly conclude as a matter of law in this case that a license fee of $250 was not arbitrarily excessive, but rather was sufficient only to compensate the municipality for issuing the license and regulating the businesses covered by the ordinance. We hold that the circuit court did not err in granting summary judgment on this issue.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.