Appellant Georgette Smith appeals a judgment of the Lorain County Court of Common Pleas finding that the water line assessment of her property on Avon Road is appropriate and does not exceed one-third the value of her property. This Court affirms.
Appellee, the City of Avon ("City"), determined that it was necessary to install a water main on Avon Road, and a sanitary sewer line on Chester Road.[1] These improvements were to be assessed to the landowners abutting Chester Road and Avon Road on the basis of proportionate benefit. Smith owns property that abuts both roads.
The City assessed Smith's property $7,267.27 for the sewer line on Chester Road,[2] and $20,774.92 for the water line on Avon Road. In an attempt to alleviate the financial hardship these assessments placed on Smith, the City passed an ordinance which allows Smith to defer the assessment until such time that the land is sold or transferred.
Arguing that neither assessment was valid, Smith filed suit to enjoin the City from enforcing the assessments. After a trial to the bench, the court determined that an injunction was not warranted. The court found that Smith's property was not benefited from the sanitary sewer improvement on Chester Road, and reduced the assessment from $7,267.27 to zero. The court further found that the water line improvement on Avon Road did benefit Smith's property, and that the amount assessed did not exceed the statutory limitation.
Smith timely appeals the trial court's decision concerning her property bordering Avon Road. She assigns two errors for our review.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THE WATER ASSESSMENT VALID WHERE THE EVIDENCE SHOWED THAT THE PROPERTY WHICH WAS ASSESSED WAS NOT BENEFITED BY THE IMPROVEMENT.
In her first assignment of error, Smith contends that no special benefits accrued to her as a result of the improvement, and therefore the trial court erred in finding the assessment valid. Specifically, Smith asserts that the assessment did not benefit her land because the property is "not buildable" and because "[t]he nature of the land * * * remained the same." This Court disagrees.
A property owner who alleges that his property should not be subject to a special assessment to pay the cost of a public improvement has the burden of proving that his property received no special benefit from the improvement. Schiff v. City of Columbus (1967), 9 Ohio St.2d 31, 38-39, citing Spangler v. City of Cleveland (1885), 43 Ohio St. 526, 537, andBolton v. City of Cleveland (1880), 35 Ohio St. 319. "Indeed, to be successful plaintiffs are required to meet that burden of proof by evidence that is clear and convincing." Burton v. City of Middletown
(1982), 4 Ohio App.3d 114, 119, citing Norwood v. Baker (1898),172 U.S. 269, and Rice v. Danville (1930), 36 Ohio App. 503.
Smith's argument that the improvements could only constitute a benefit if the improvements changed the nature of her land or if they made her land "buildable" are feckless. There is no requirement that an improvement must better the landowner's property to the extent that the landowner desires in order for an improvement to constitute a benefit for purposes of imposing a valid assessment. Moreover, other than Smith's self-serving contention, there is no evidence in the record that would support the conclusion that Smith's land is not buildable.
The Ohio Supreme Court has held:
 The enhancement in the value of property that results from a public improvement is the special benefit that will support an assessment against that property to pay for the improvement. Such enhancement in value of such property is a benefit to its owner that accrues to him and not to the public or to the rest of the community.
 Schiff, supra, at paragraph four of the syllabus. Property that is improved by the addition of a public water line that serves private property, where no such service existed before, constitutes a special benefit to the land. Alf v. Flick (1962), 1 Ohio Misc. 17.
Smith's own appraiser testified at trial that prior to the City's installation of the water line none existed, and that the improvement benefits the property "favorabl[y]." He further testified that the addition of the water line increased the value of Smith's property, but that he could not speak to the amount of the increase.
We find that the trial court's decision is based on competent, credible evidence, and that the trial court did not err in finding that Smith failed to meet her burden in establishing that the improvement did not benefit her land.
Accordingly, Smith's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WAS ARBITRARY AND NOT SUPPORTED BY ANY EVIDENCE.
Smith propounds that the trial court's finding that the water line assessment is appropriate and that it does not exceed one-third of the value of Smith's property is against the manifest weight of the evidence. This Court disagrees.
In determining whether a civil judgment is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, quoting State v. Shue (1994), 97 Ohio App.3d 459, 466. This action is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]" Hardiman v. Zep Mfg. Co. (1984),14 Ohio App.3d 222, 226, quoting Royer v. Bd. of Edn. (1977),51 Ohio App.2d 17, 20.
At trial, Smith presented the testimony of an appraiser who had appraised the two tracts of land subject to the water line assessment at $10,000 per lot. The appraisal had been completed prior to the installation of the water line improvement. Because Smith had been assessed $20,774.92 against these two lots, she argued that her property was assessed an amount exceeding one-third of the value of her property, thus violating the strictures of R.C. 727.03.
The City countered this assertion by providing the trial court with offers that had been received to purchase Smith's land after the improvements had been added. The City sought to establish the current market value of Smith's property through the purchase offers. The largest purchase offer was for $75,000 plus assessments. This offer included two parcels of land which were not subject to the water line assessment. The City argued that the current value of Smith's property, as established by the $75,000 purchase agreement, proved that the $20,744.92 assessment was not violative of R.C. 727.03.
The power to levy and collect special assessments is found in R.C.727.01, which permits three methods of calculating such assessments:
 (A) By a percentage of the tax value of the property assessed;
 (B) In proportion to the benefits which may result from the improvement;
 (C) By the front foot of the property bounding and abutting upon the improvement.
The City claims that the improvements were specially assessed to the landowners of property abutting Avon Road on the basis of proportionate benefit.
Although she cites no law in support of her proposition, Smith insists that it was improper to use the purchase agreements in evaluating whether the City's assessment, as of the time they were made, exceeded one-third of the value of her property. We agree.
Pursuant to R.C. 727.03, the City was not authorized to levy special assessments that "would be in excess of thirty-three and one-third per cent of the actual value of [Smith's lots] including improvements thereon, as enhanced by the improvement for which the assessment is levied[.]" R.C. 727.03 further mandates that "such value [is] to bedetermined as of the date of the assessing ordinance passed under section727.25 of the Revised Code[.]" (Emphasis added.)
However, Smith failed to meet her burden. It is the landowner's burden to prove by clear and convincing evidence that any part of an assessment is invalid "`[i]n order to be entitled to an injunction against any part of an assessment for the cost of a public improvement against a lot.'"Wolfe v. Avon (1984), 11 Ohio St.3d 81, 84, quoting Schiff, supra, at paragraph five of the syllabus.
Smith was assessed $20,774.92 for the installation of a water line on May 30, 1995. The record does not indicate if this date is the date that the assessing ordinance passed. Smith failed to present any evidence as to the value of her property as of the date of the assessment. The only evidence Smith presented was a 1997 appraisal. This Court notes that Smith first took her objections to the Equalization Board in September of 1995. Smith should have presented such evidence at that hearing. The record is void of any evidence that Smith presented to the Board. Therefore, because Smith failed to meet her burden, this Court finds that the trial court's decision was not against the manifest weight of the evidence.
Smith's second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR
[1] Subsequent to the filing of this action, Chester Road was renamed Just Imagine Drive. All references in this opinion will refer to the road as Chester Road.
[2] The City had originally assessed the sanitary sewer improvement at $18,103.4998, but reduced the amount to $7,267.271 pursuant to a report by the Equalization Board.