BURTON ET AL., APPELLANTS, *v.* CITY OF MIDDLETOWN ET AL., APPELLEES.

(No. 80-06-0063—Decided January 29, 1982.)

*Mr. James Alton Combs, Messrs. Bryant & Sanzone* and *Mr. Nicholas Bunch,* for appellants.

*Mr. Tilmon A. Ellison* and *Mr. Sheldon A. Strand,* for appellees.

ZIEGEL, J. This case came on before the court of common pleas on the complaint of some seventy plaintiffs against the city of Middletown and various officers of said city challenging the assessments made against their respective properties for the installation of curbs, gutters and storm sewers on Central Avenue, the street on which their properties abutted. The trial court concluded that the authorities of the city of Middletown properly performed their

duties in connection with these assessments. This appeal questions that conclusion, and asserts the following assignments of error:

"1. The trial court's ruling that the defendants had not acted arbitrarily, unreasonably, and unconstitutionally in this matter is erroneous, unreasonable, against the manifest weight of the evidence and contrary to law.

"2. The lower court's ruling that the assessment equalization board and the City of Middletown did not act arbitrarily, unreasonably, and unconstitutionally in this matter was erroneous, unreasonable, against the manifest weight of the evidence and contrary to law.

"3. The lower court's determination that plaintiffs' property had been specially benefitted at least to the extent of their individual assessment was erroneous, arbitrary, an abuse of discretion, against the manifest weight of the evidence and contrary to law.

"4. The court should not have granted defendants' motion for summary judgment and thereby summarily dismissed five of six of the claims set out in plaintiffs' complaint and amended complaints.

"5. The court below erred in striking plaintiffs' jury demand."

These assignments of error are considered in the chronological sequence in which the trial court ruled, with facts appropriate to each assignment of error being set forth as applicable.

With regard to plaintiffs' fourth assignment of error, plaintiffs' complaint sets forth six claims for relief, to-wit:

"1. That the project of improving Central Avenue has caused them to sustain damages.

"2. That the project will not specifically benefit plaintiffs' property, and that therefore the proposed assessment represents an unlawful taking of plaintiffs' property for public use.

"3. That the decision rendered by the Assessment Equalization Board was contrary to law and not supported by evidence or facts and was arbitrary, capricious, and whimsical.

"4. That Thomas C. Blake, Chairman of the City Commission, having an interest in real estate within the area affected had a conflict of interest and should not have cast a vote on said legislation and his vote so cast should not have been counted.

"5. That the city commission violated the provision of Section 121.22, Revised Code in the enactment of the legislation.

"6. That the ordinance was not properly enacted as an emergency measure."

Defendants' motion for summary judgment was sustained as to plaintiffs' claims for relief Nos. 1, 3, 4, 5 and 6 without opinion or rationalization by the trial court.

Plaintiffs-appellants' contention with regard to the summary dismissal of their first claim for relief, according to their brief, involves the situation pertaining to the plaintiffs Guy and Victoria Duff. At the outset we note that the various parties plaintiff were joined permissively under the provisions of Civ. R. 20, in that the relief each of them sought arose out of the same transaction. This was not, however, a class action. Each party's claim and the relief, if any, to which any party might be entitled, were considered individual matters. As noted *supra,* there were originally some seventy parties plaintiff. After judgment, however, only fifty-two of them joined in the notice of appeal which was filed on June 23, 1980. Guy and Victoria Duff were not among those joining in the notice of appeal. Their individual appeals have, therefore, not been perfected, and they individually are without standing in this court. Since the claims of the various appellants are individual in nature, none of those persons can profit by any error made with respect to some other party. Since the Duffs did not perfect any appeal, this court is without

jurisdiction to review any alleged error made below as to them, and none of the other appellants is in a position to take advantage of any error made as to the Duffs. This phase of plaintiffs-appellants' fourth assignment of error is not well taken.

As to appellants' assigned error regarding the summary dismissal of their third claim, we note that the operative allegations of that claim read as follows:

"12. On or about May 6, 1976, the Defendant, Assessment Equalization Board, convened to hear and determine objections filed by the Plaintiffs and others against the proposed assessment in connection with the above referred to project. At that hearing no evidence whatever was offered in support of said proposed assessments and substantial evidence was offered in support of the objections to said proposed assessments.

"13. On or about June 1, 1976, Defendant, Assessment Equalization Board, rendered its decision and unanimously recommended to the Defendant, City of Middletown, that said objections be disapproved by the City Commission of Middletown, Ohio.

"14. The decision rendered by said Assessment Equalization Board was contrary to law and not supported by evidence or facts and was arbitrary, capricious, and whimsical and should be reversed."

Although in their answer defendants denied the factual allegation that "no evidence whatever was offered in support of said proposed assessments," in the supporting brief to their motion for summary judgment they did not contend that there were no genuine factual issues but rather argued that the foregoing allegations do not set forth a claim for which relief can be granted. Plaintiffs responded in kind, no reference there being made to any factual issues. Likewise, in this appeal, neither side makes any issue of the factual questions raised by the pleadings.

Defendants-appellees' argument was based on R.C. 727.17 which provides, in pertinent part:

"* * * It shall * * * hear and determine all objections to the estimated assessments * * *, and shall equalize such estimated assessments as it thinks proper to conform to the standards prescribed in the resolution * * *.

"* * *

"After the completion of all hearings * * * the board shall report to the legislative authority its recommendations including any changes which should be made in the estimated assessment.

"The legislative authority may approve or disapprove the report including any changes recommended by the board in the estimated assessment.

"In the event the legislative authority disapproves the report of the board it shall appoint a new equalization board * * *."

In essence, the basis of defendants' argument was that since the legislative authority retained the final authority to approve or disapprove the report rendered by the board, the board itself could commit no error.

Such a contention makes the assessment equalization board a useless appendage of the system, a result surely not intended by the legislature. Under R.C. 727.17, that board is required to conduct a hearing with regard to any objections filed to the proposed assessment. Certainly, its recommendations are to be based on evidence obtained at such a hearing. The complaint alleges that no evidence was offered in support of the proposed assessments, which factual allegations defendants denied. In support of their motion for a summary judgment defendants offered nothing to show that there was, per requirements of Civ. R. 56(C), "no genuine issue as to * * * [this] material fact." Defendants' brief makes reference to evidence adduced at the hearing in support of their denial of plaintiffs' allegation. Such evidence, however, was not available to the trial court at the time it

ruled on the motion for summary judgment. Accordingly, we hold that the trial court erred in granting summary judgment as to plaintiffs' third claim. Whether or not that error was prejudicial will be discussed *infra*.

Appellants' assigned error regarding the summary dismissal of their fourth claim for relief involves the situation of the chairman of the Middletown City Commission, Thomas Blake, who it is alleged had a conflict of interest in that he and his wife were the owners of property subject to the assessments involved in this lawsuit. The complaint alleges that Blake's vote was necessary to make the improvement ordinance in question an emergency measure, and that because of his conflict of interest his vote should not have been counted. In their motion for summary judgment defendants did not challenge any factual allegations, but contended that plaintiffs' allegations do not establish any grounds for relief.

The applicable rule of law is set forth in the syllabus of *Hamilton* v. *Bd. of Cty. Commrs.* (1923), 108 Ohio St. 566:

"The fact that a county commissioner owns real estate within the assessable area of an improvement to be taxed by a special assessment for the construction of a road does not of itself disqualify him to act as a county commissioner in proceedings relative to the laying out and making a road * * *."

The case points out that the rule would be different if there was evidence of fraud or bad faith. In the case before us, there were no allegations in plaintiffs' complaint charging Commissioner Blake with any fraud or bad faith. Thus, we conclude that the trial court ruled correctly in summarily dismissing plaintiffs' fourth claim.

Plaintiffs' fifth claim raised an issue involving defendants' alleged violation of Ohio's Sunshine Law, R.C. 121.22. In the trial court, plaintiffs conceded that the motion for summary judgment as to this claim was well taken, and the claim was accordingly summarily dismissed. Now, however, plaintiffs contend that evidence presented at the trial revealed that the Sunshine Law had indeed been violated. Whether or not a trial court errs in its granting of a motion for summary judgment depends upon the state of the evidence before it at the time it made the ruling, not upon something that may have come into the evidence at a subsequent hearing. Accordingly, we hold that the trial court did not err in dismissing summarily plaintiffs' fifth claim.

Plaintiffs' sixth claim alleges that "Ordinance No. 076-138, as well as all previous pieces of legislation purportedly enacted by the City Commission of the City of Middletown as emergency measures, do not truly concern an emergency matter and do not sufficiently state the reasons for their enactment as emergency measures and are therefore invalid." This allegation is denied in defendants' answer. In connection with their motion for summary judgment, via the affidavit of the clerk of the commission, defendants submitted as appropriate evidence under Civ. R. 56(C) the various ordinances dealing with the Central Avenue project. Each of these ordinances contained the following concluding paragraph:

"That this resolution is declared to be an emergency measure necessary for the immediate preservation of the public health, safety and general welfare of the City and for the further reason that the immediate construction of said improvement is necessary to alleviate traffic conditions and provide the residents with sewer and water services to the affected properties, and it shall take effect and be in force upon its adoption."

Plaintiffs contend that this statement is insufficient to comply with the mandatory requirements of R.C. 731.30 and of Section 3, Article IV of the Charter of the city of Middletown, each of which requires that when legislation is adopted as an emergency measure the reason or reasons

it is necessary to adopt such legislation as an emergency measure must be stated.

Plaintiffs' contention is invalid for two reasons. First, the statute referred to is in that section of the Revised Code dealing with referendum procedures. The statute specifically provides that measures passed as emergency measures are not subject to referendum. *Youngstown* v. *Aiello* (1951), 156 Ohio St. 32 [45 O.O. 45]. In the case at bar, no referendum proceedings were undertaken, and therefore the legislation is irrevocably effective.

Secondly, all that the statute or the charter requires is that the emergency nature of the ordinance and the reasons therefor be stated, which was done here. Such a determination by a municipal council and the soundness of the reasons stated by such council for such necessity are not subject to review by the courts. *State, ex rel. Fostoria,* v. *King* (1950), 154 Ohio St. 213 [43 O.O. 1], paragraph four of the syllabus.

On the same day the trial court ruled on defendants' motion for summary judgment it also dismissed plaintiffs' demand for a jury trial, for which dismissal plaintiffs claim error in their fifth assignment.

The trial court found that the relief requested by plaintiffs was equitable in nature. It is well settled that a demand for equitable relief obviates the intervention of a jury. The relief demanded in plaintiffs' complaint includes both damages and an injunction. Plaintiffs' first claim is the only one which alleges facts upon which damages might be awarded, and that claim was dismissed by the trial court, with that dismissal being herein affirmed. Since the issues requiring a jury for resolution have been dismissed, the trial court was correct in dismissing the demand for a jury. Plaintiffs-appellants' fifth assignment of error is accordingly held to be not well taken.

This lawsuit began on June 25, 1976, when four plaintiffs filed their complaint against the city of Middletown and various officers of that city. These four plaintiffs amended their original complaint on August 9, 1976, by adding the numbers of the applicable ordinances. On April 16, 1979, a second amended complaint was filed which added numerous other plaintiffs and otherwise essentially adopted the allegations of the first two complaints. As we view the allegations of these complaints, after omitting those allegations on which summary judgment was granted, we conclude that the case came on for trial on the following contested allegations:

"9. The project described above and proposed by the City of Middletown to be financed in part by way of a special assessment upon the Plaintiffs will not specifically benefit Plaintiffs' property.

"10. Said project will specially harm Plaintiffs' property and the proposed assessment represents an unlawful taking of Plaintiffs' property for public use in violation of Sec. 19, Article I, of the Ohio Constitution."

These allegations do not seek any adjustment in the amounts of the assessments levied against plaintiffs, but rather challenge the validity of any assessment whatsoever against the property owners abutting this public improvement, all of which is emphasized by that part of plaintiffs' demand which reads:

"That this Court grant a preliminary and permanent injunction enjoining the defendants from taking any further action in regard to this project which would result in a special assessment being levied against the Plaintiffs * * *."

It has been settled for many years that the levying of an assessment upon property abutting on a street for the cost of improvements to the street is proper so long as the assessment does not exceed the special benefits conferred. *Dayton* v. *Bauman* (1902), 66 Ohio St. 379. The trial court found such to be the case, which gives rise to plaintiffs-appellants' third assignment of error.

This assignment of error injects a con-

stitutional question into our review, Section 19, Article I of the Ohio Constitution, and it is accepted that there is a presumption generally in favor of constitutionality. It has been held that "in order to be entitled to an injunction against any part of an assessment for the cost of a public improvement against a lot, the owner thereof has the burden of proving that the lot was not enhanced in value as a result of the improvement in an amount equal to the amount of the assessment." *Schiff* v. *Columbus* (1967), 9 Ohio St. 2d 31 [38 O.O.2d 94]. Indeed, to be successful plaintiffs are required to meet that burden of proof by evidence that is clear and convincing. *Norwood* v. *Baker* (1898), 172 U.S. 269; *Rice* v. *Danville* (1930), 36 Ohio App. 503.

Three qualified expert witnesses were presented on the question of whether the special benefits to plaintiffs' lots exceeded the assessments against those lots, with plaintiffs' expert testifying in the negative and the two experts offered by defendants testifying in the positive. We observe that credibility of witnesses is a matter within the discretion of the trial court. In view of the contradictory nature of the testimony of these experts, we conclude that there was sufficient probative testimony to support the trial court's conclusion that plaintiffs had not met their burden of proof.

Plaintiffs' expert based his opinion primarily on his conclusion that the widening of Central Avenue from a two to a potential four lane road increased the traffic on the street, which resulted in an increase of noise and debris, all of which detracted from the value of plaintiffs' properties. Plaintiffs, however, are not being assessed for the expenses connected with the widening of the street, but only for the curbs, gutters, and storm sewer which were part of the overall improvement project. The issue was whether these curbs, gutters, and storm sewer enhanced the values of plaintiffs' properties, not whether the widening of

the street, for which plaintiffs were not assessed, diminished the value of their properties. The city had the right to widen the street in any event.

Even considering the increase in noise and trash, the evidence was conflicting as to whether the curbs, gutters, and the storm sewer additions had conferred special benefits on plaintiffs' properties. Some of the plaintiffs were even in favor of these improvements initially, with minds apparently changing when it became known that assessments were to be imposed. Other abutting property owners testified not only that it was their opinion that the value of their properties had been enhanced, but also that the assessment imposed on their respective properties was fair. None of plaintiffs' witnesses testified as to the value of their properties before or after the improvement. Under these circumstances, it is impossible to determine whether the value of the special benefit conferred did not equal or exceed the amount of the assessment against it. *Schiff* v. *Columbus, supra,* at 40.

Plaintiffs-appellants' third assignment of error is accordingly determined to be not well taken.

Appellants' first assignment of error is based on R.C. 727.01 and upon the implementing ordinance adopted in accordance therewith. The statute provides in pertinent part:

"* * * Such assessment may be levied by any of the following methods:

"(A) By a percentage of the tax value of the property assessed;

"(B) In proportion to the benefits which may result from the improvement;

"(C) By the foot front of the property bounding and abutting upon the improvement."

The resolution of necessity adopted by the Middletown City Commission provided that:

"* * * [T]he entire cost of said improvement, less [items listed] shall be assessed in proportion to the benefits

which may result from said improvement upon all lots and lands abounding and abutting upon Central Avenue and Marshall Road between the termini aforesaid * * *."

It is thus noted that the city commission selected the second alternative as the method of determining the amount of each assessment. Appellants contend that the city commission violated the provisions of its own ordinance by calculating the amount of each assessment on the basis of the front foot method, rather than in proportion to benefits.

It is apparent that this assignment of error does not challenge the validity of any assessment, that is, does not claim that there were no benefits or that the assessment exceeded the benefits. Rather, it advances the proposition that the various assessments levied were not properly computed. There is, however, nothing alleged in plaintiffs' second amended complaint which gives rise to this issue. When plaintiffs introduced evidence on this point, defendants objected. The trial court permitted the testimony with the statement that it would reserve ruling. Nowhere in its opinion or in its journal entry did the trial court rule on the objection. Further, plaintiffs-appellants made no motion to amend their pleadings. The court did, however, rule adversely to plaintiffs on the issue.

Liberal provisions are made in Ohio Civil Rules for the amendment of pleadings to conform to the evidence. Civ. R. 15(B) provides in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby * * *."

In view of defendants' objection, it is clear that the issue not raised by the pleadings was not tried with the express or implied consent of the parties. It is also clear that plaintiffs could have obtained an amendment to the pleadings upon appropriate motion, since the merits of the action generally would be served thereby. Defendants contend that plaintiffs-appellants' failure to move for an amendment removed the issue from the trial court's consideration. Certainly, plaintiffs could have clarified the situation with a motion to amend. In view of the next sentence of the Rule, that "[f]ailure to amend as provided herein does not affect the result of the trial of these issues," particularly since the trial court actually did decide the issue, we are of the opinion that under duty placed upon us by App. R. 12(A) that we pass upon all errors assigned we are now required to continue with our review.

The record is clear that the defendant city of Middletown did not make any effort to ascertain the total amount of benefits that would accrue to all concerned property owners, or to determine the amounts of individual assessments on the basis of proportionment. Disregarding its own enabling ordinance as to how individual assessments were to be determined, because of historic practice, the city simply determined these assessments on a front footage basis. Such a practice has been condemned in *Tolson* v. *Oregon* (1976), 53 Ohio App. 2d 183 [7 O.O.3d 251], paragraph two of the headnotes, providing:

"When a resolution of necessity pursuant to R.C. 727.12 states that the improvement shall be assessed in proportion to the benefits to those lots benefited by

the improvement, it is arbitrary and unreasonable for the municipality to make no determination of benefits but simply to determine the assessment by dividing the cost of the improvement by the number of feet of land abutting thereon."

Defendants argue that in the case *sub judice* the apportionment of the assessments by front footage was tantamount to an apportionment in proportion to benefits, citing *Tolson* v. *Oregon, supra,* 53 Ohio App. 2d at 185, wherein it is stated that "[t]he mere fact that assessments are in proportion to the front footage does not indicate that assessments were made on a front-foot basis instead of in proportion to the benefits." From the testimony of various personnel connected with the city of Middletown here, however, it is clear that the city did not consider benefits in any form in determining the amount of the individual assessments. Conceivably, upon proper reconsideration, the results might not differ. The record presently before us, however, does not contain enough facts for us to arrive at that conclusion.

In its opinion as well as in its journal entry the trial court suggests that in the light of its finding that the special benefit received by each lot was equal to or exceeded the amount of the assessment, the issue presented by this assignment of error is "somewhat" moot. We disagree. A property owner subject to assessment is entitled to have the amount of his assessment accurately determined, with the maximum being the point where the assessment equals the benefits, not just be required to pay that maximum. Conceivably, the sum total of the benefits could exceed the amount needed to meet the total assessment. The city is not entitled to make a profit out of its assessments.

Appellants' first assignment of error is accordingly held to be well taken. Nothing herein stated, however, is to be construed as holding that plaintiffs are not subject to being assessed.

With our conclusion as to the foregoing assignment of error, it will be necessary to remand this case to the court of common pleas for further proceedings. It is probable, however, that this remand will potentially inure to the benefit of only seven of the fifty-two appellants. In view of our holding as to appellants' third assignment of error, the only justifiable issue remaining is as to the amount of the individual assessments. R.C. 727.15 mandates that the owner of any lot who objects to the amount or apportionment of the assessment levied or proposed to be levied against his lot file objections to such assessment within two weeks after receiving notice that such assessment has been levied. It has been held that the failure to file objections within the two weeks authorized "precludes the owner from escaping payment by asserting noncompliance with statutory requirements on the part of the assessing body," although such section "does not estop him from resisting collection on constitutional grounds." *Domito* v. *Maumee* (1942), 140 Ohio St. 229 [23 O.O. 434], paragraph two of the syllabus. The constitutional grounds for all appellants have been disposed of adversely to appellants by our holding as to the third assignment of error.

In their brief appellees point out that only twelve of the appellants have filed any R.C. 727.15 objections. This claim in the brief is consistent with appellees' fifth defense as set forth in their answer to the second amended complaint. Under Civ. R. 7(A) no reply to this allegation is allowed unless ordered by the court, which was not done. Under Civ. R. 8(D) this allegation is deemed to be denied, and our search of the transcript and exhibits does not establish that it was ever proved. The issue, however, is still in the case on remand. That the remand may only apply to seven of the twelve named objectors is obvious when the names of those persons who joined in the notice of appeal are compared with the named objectors. It

appears that only seven of them joined in this appeal.

In their second assignment of error appellants claim that the trial court ruled erroneously when it ruled that the assessment equalization board did not act arbitrarily, unreasonably, and unconstitutionally in this matter. Our examination of the trial court's opinion and its journal entry fails to reveal that any ruling whatsoever was made as to the actions taken by the assessment equalization board, and therefore this assignment of error cannot be considered at this time, but indeed will have to be considered by the trial court in connection with the remand.

Earlier in this opinion we indicated that the trial court erred when it granted summary judgment as to plaintiffs-appellants' third claim for relief. In view of our subsequent analysis of this appeal it is clear that that error could not have been prejudicial as to those appellants who failed to file R.C. 727.15 objections. That ruling was, however, prejudicial as to those appellants who did file such objections.

This case will be affirmed as to those appellants who did not file any R.C. 727.15 objections, and will be reversed and remanded for further proceedings in accordance with this opinion and the law as to those appellants who did file such objections.

*Judgment accordingly.*

HENDRICKSON, P.J., and KOEHLER, J., concur.

ZIEGEL, J., retired, of the Court of Common Pleas of Preble County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.